**Francis H. KRUSE, Appellant,**

v.

**DISTRICT OF COLUMBIA, Appellee.**

**No. 2754.**

Municipal Court of Appeals for the District of Columbia.

Submitted May 8, 1961.

Decided June 22, 1961.

Gilbert R. Giordano, Washington, D. C., for appellant.

Chester H. Gray, Corp. Counsel, Milton D. Korman, Principal Asst. Corp. Counsel, Hubert B. Pair and Ted D. Kuemmerling, Asst. Corp. Counsel, Washington, D. C., for appellee.

Before HOOD and QUINN, Associate Judges, and CAYTON (Chief Judge, retired) sitting by designation under Code § 11–776(b).

QUINN, Associate Judge.

Appellant was convicted by the court, trial by jury having been waived, of driving an automobile while under the influence of intoxicating liquor.[1] At trial there was testimony by the arresting officer and a private citizen that appellant was operating an automobile from one side of the roadway to the other and that he made an improper turn. According to the officer, appellant had a very strong odor of alcohol on his breath; talked with a thick tongue, and had to be

1. Code 1951, § 40–609(b) (Supp. VIII).

assisted to the precinct. His testimony was corroborated by another officer assigned to the cell block. Appellant and his wife testified that during the evening in question their daughter and son-in-law visited them and in the course of the evening appellant consumed "three of four shots of Vodka" which were mixed with water and ice. Appellant denied being under the influence of intoxicants at the time of his arrest and attempted to explain his appearance and conduct by stating that the thickness in his speech was due to wearing dentures, that he also had a slight speech impediment, that his face was normally flushed, and that an arthritic condition prevented him from walking normally.

▆▆▆ The foregoing is sufficient to supply the background for the main contention that there was insufficient evidence to support the conviction. It is apparent that the case involved an issue of fact, namely, whether appellant was operating a vehicle while under the influence of intoxicants or whether his actions were due to other causes,[2] as he claims. As we have stated before, where the verdict is attacked as being unsupported, the power of this court begins and ends with a determination as to whether there is any substantial evidence, contradicted or uncontradicted, which will support the conclusion reached by the trier of fact below. When two or more inferences can reasonably be deduced from the facts, the reviewing court is without power to substitute its deductions for those of the trial court. In this case the trial judge concluded that appellant was under the influence of intoxicants at the time he was operating the vehicle. The evidence was clearly ample to support the judgment.

Affirmed.

2. Idler v. District of Columbia, D.C.Mun. App.1957, 134 A.2d 104; Williams v. District of Columbia, D.C.Mun.App.1957, 130 A.2d 596.