Cordell F. HARRIS, Appellant,

v.

UNITED STATES of America,
Appellee.

No. 16688.

United States Court of Appeals
District of Columbia Circuit.

Argued Jan. 9, 1962.

Decided Feb. 23, 1962.

Mr. Geoffrey Creyke, Jr., Washington, D. C., with whom Messrs. J. Mitchell Brown, Henry M. Moore and Roy S. Mitchell, Washington, D. C., were on the brief, for appellant.

Mr. Walter E. Dillon, Jr., Washington, D. C., for Bailey-Lewis-Williams of Florida, Inc.

Messrs. David C. Acheson, U. S. Atty., Charles T. Duncan, Principal Asst. U. S. Atty., and Donald S. Smith, Asst. U. S. Atty., entered appearances for the United States.

Before EDGERTON,* WASHINGTON and DANAHER, Circuit Judges.

* Circuit Judge Edgerton took no part in the consideration and disposition of this case.

Mr. Charles A. Hobbs (appointed by this court), Washington, D. C., for appellant.

Mr. Judah Best, Asst. U. S. Atty., with whom Messrs. David C. Acheson, U. S. Atty., and Nathan J. Paulson, Asst. U. S. Atty., were on the brief, for appellee.

Before WILBUR K. MILLER, Chief Judge, and BAZELON and BASTIAN, Circuit Judges.

PER CURIAM.

Appellant was indicted for robbery and convicted of assault with the intent to rob. He appeals.

About 2:00 A.M. on November 5, 1960, a police officer discovered appellant on the ground atop the complaining witness, whom he was beating and whose pants pockets he was ripping and tearing open.[1] Standing alongside and watching the affray was one Pearsall, a seventeen-year old juvenile. The complaining witness' face was bloody, and there were other evidences of assault. Upon being arrested, appellant explained his actions as those of peacemaker; according to him, he was merely attempting to break up a fight between the complaining witness and Pearsall. Appellant expressly denied any intention of robbing the man whose pockets he was so handily tearing apart.

At the trial, the testimony of the complaining witness was entirely different from appellant's version of the affair. He testified that he had been attacked by two men, one of whom struck him on the back of the head and knocked him to the ground, and that he was then beaten and robbed. He identified appellant as one of his assailants although, of course, he could not say that it was appellant who delivered the initial blow from the rear that grounded him.

The police officer who arrested appellant was called to the stand by the Gov-ernment and, during the course of his direct examination, the following testimony was adduced.

"Q. [W]hat questions if, any, did you ask [Harris] and what, if any, answers did he give? A. * * * I again asked Harris had he robbed the man. He denied it. At that time the juvenile Pearsall said, 'We might as well admit it because he caught us anyhow, red-handed.'"

After this statement by Pearsall in appellant's presence, appellant stated, according to further testimony of the police officer, that "he [Harris] didn't want to go to jail." There was no objection to this testimony in the trial court. Appellant now claims for the first time that the receipt of this testimony was prejudicial error.

Absent a clear showing of prejudice, we are not disposed to notice alleged errors which are raised for the first time on appeal. In Fuller v. United States, 53 App.D.C. 88, 91, 288 F. 442, 445 (1923), we said: "The general and obviously salutary rule is that objection to the admissibility of evidence should be made at the time it is offered and the grounds therefor stated."

In the present case, the evidence establishing appellant's guilt was impressive. He was identified by the complaining witness as one of two men who attacked him in the street at night for the purpose of robbery; he was caught by a police officer in the midst of this attack, while beating the complaining witness and ripping open his pants pockets. Against such evidence, we think the unobjected to admission of the testimony now complained of was harmless error, if indeed it was error at all; and, in any event, it is not such plain error affecting substantial rights as to cause us to notice it under Fed.R.Crim. P. 52(b), 18 U.S.C.A.[2]

Affirmed.

---

1. The police testified at the trial: "I had to pull Harris off of the complaining witness."

2. Rule 52(b): "*Plain Error.* Plain errors or defects affecting substantial rights may be noticed although they were not brought to the attention of the court."