**Lawrence E. BUNTER, Appellant,**

v.

**UNITED STATES, Appellee.**

*No. 4695.*

District of Columbia Court of Appeals.

Argued July 29, 1968.

Decided Sept. 23, 1968.

Rehearing Denied Oct. 8, 1968.

---

William E. Cumberland, Washington, D. C., for appellant.

Philip L. Kellogg, Asst. U. S. Atty., with whom David G. Bress, U. S. Atty., and Frank Q. Nebeker and Charles R. Work, Asst. U. S. Attys., were on the brief, for appellee.

Before MYERS, KELLY and FICKLING, Associate Judges.

FICKLING, Associate Judge:

Appellant was convicted by the trial court, sitting without a jury, on six informations charging the offenses of attempted housebreaking, destroying property, and petit larceny. He was sentenced to serve 60 days on each conviction to run consecutively. The complaining witnesses were two roomers, a George Porter and a Maeola McKinnley, who resided at the rooming house where appellant lived. Porter found his room broken into and ransacked, with various personal belongings missing. He and the landlord, a Mr. Sylvester, went to appellant's room, found the door "cracked," and entered. They searched the room and discovered, among other things, Porter's phonograph under appellant's bed. Without removing anything, Porter and the landlord left the room and telephoned the police, who arrived on the scene about two hours later. Upon their arrival, the police, together with the two roomers and the landlord, checked the other rooms for forcible entry and missing property. Then, without a search warrant, they entered appellant's room, removed the mattress, and found various items of property belonging to both roomers, none of

which was offered into evidence. Later the same evening, appellant arrived home, stated to Porter that he had left two people in his room and that he knew who had broken in, and promised to pay for the property if it was not returned. Appellant never named or located the two persons referred to and he moved out of the house the following evening.

Miss McKinnley corroborated most of Porter's testimony adding that everything stolen from her was found under appellant's bed except a television. She testified, without objection, that the following day she received a telephone call from an unidentified girl who left a message for appellant, asking him to get his things out of her house, and saying that she had never been in trouble and did not want her "old man" to get hurt. Appellant moved out of the house shortly after receiving the message.

Appellant did not testify. He contends that the testimony regarding the stolen property was improperly admitted at trial as the product of an illegal search, and that the trial court erred in inferring guilt from the presence of the stolen property in appellant's room.

■ With regard to appellant's first contention, it should be noted that no objection was raised at trial to the introduction of the evidence objected to on appeal. Courts in this jurisdiction, as well as in others, have long held that

> [a]bsent a. clear showing of prejudice, we are not disposed to notice alleged errors which are raised for the first time on appeal. * * * "The general and obviously salutary rule is that objection to the admissibility of evidence should be made at the time it is offered and the grounds therefor stated." [Citations omitted.] Harris v. United States, 112 U.S.App.D.C. 100, 101, 299 F.2d 931, 932 (1962).[1]

1. And see Kelly v. District of Columbia, D.C.Mun.App., 102 A.2d 308 (1954);

O'Neal v. United States, D.C.Mun.App., 105 A.2d 739 (1954), aff'd 95 U.S.App.

It is true that the "absence of objections ordinarily relieves an appellate court of the necessity of noticing errors, but it does not preclude the court from doing so." Payton v. United States, 96 U.S. App.D.C. 1, 4, 222 F.2d 794, 797 (1955). However, our power to notice errors raised for the first time on appeal is discretionary, and will be exercised only where the error alleged is "plain error" and clearly prejudicial to the appellant.[2] The court in United States v. Indiviglio, 352 F.2d 276, 280 (2d Cir. 1965), stated:

> Federal courts, including the Supreme Court, have declined to notice errors not objected to below even though such errors involve a criminal defendant's constitutional rights.
>
> Exercise of our power to notice even "plain error," in spite of lack of proper objection below, is discretionary. [Citations omitted.]

While the court in *Indiviglio* was speaking specifically of its powers under Rule 52 (b) of the Federal Rules of Criminal Procedure it indicated that this approach with which we agree, applies as well to the "inherent power" of appellate courts generally

> to notice errors without objection "if the errors are obvious, or if they otherwise seriously affect the fairness, integrity or public reputation of judicial proceedings." [Citations omitted.]

This does not seem to us to be a case in which "plain error" should be noticed absent objection at trial. From the record before us, it appears that even if the police were involved unlawfully in a search together with the roomers in the house, there had been prior to the arrival of the police an earlier separate search by Mr. Porter and the landlord alone, a search which might well have been found to have ended with the discovery of Porter's phonograph and the calling of the police. This being the case, testimony regarding the phonograph found in this first search would be admissible (as the product of a search by private individuals) and sufficient to support the guilty verdict. Burdeau v. McDowell, 256 U.S. 465, 475, 41 S.Ct. 574, 576, 65 L.Ed. 1048 (1921). While we need not reach this point, the reasonableness of such a finding from the record indicates that the error, if it was error, was not such "plain error" as to cause us to notice it.

Furthermore, this court does not look with approval upon the practice of experienced trial counsel[3] failing to make objections at trial, which may result in error creeping in and opening opportunities for appeal if the verdict is unfavorable. Timely and specific objection is desirable to give the trial judge "an opportunity to correct the error and thus avoid the necessity of further proceedings, possibly including a new trial." United States v. Indiviglio, 352 F.2d 276, 280 (2d Cir. 1965). Therefore, the exercise of our discretion in noticing unobjected-to alleged errors raised for the first time on appeal must and will be limited to cases where a very clear showing of prejudice is made. This is not such a case, particularly in view of the other inculpatory evidence in the record.

With respect to appellant's second contention, the general rule in this jurisdiction as set forth in Gilbert v. United States, 94 U.S.App.D.C. 321, 322, 215 F.2d 334, 336 (1954), is as follows:

> Possession of the fruits of crime, recently after its commission, justifies the inference that the possession is guilty possession, and, though only *prima facie* evidence of guilt, may be of controlling weight, unless explained by the circum-

---

D.C. 386, 222 F.2d 411 (1955); Lawson v. United States, 101 U.S.App.D.C. 332, 248 F.2d 654 (1957).

2. Cf. Townsley v. United States, D.C.App., 215 A.2d 482 (1965).

3. Able counsel on appeal was not trial counsel in the instant case.

stances or accounted for in some way consistent with innocence.

The acknowledged test of possession sufficient to raise the inference of guilt is whether the property was under the exclusive personal control of the accused.[4] In the instant case, the stolen property was found secreted under appellant's own bed in his private room, to which no one else had lawful access without his permission. The mere fact that the door was not tightly secured does not negate the evidence of appellant's control. His dominion over the property raises the inference of guilty possession. This inference is rebuttable; however, appellant chose not to rebut it, nor, in fact, to offer any evidence on his behalf.

For the above reasons, the judgment of the trial court is

Affirmed.

4. See 52 C.J.S. Larceny § 107 (1947).