Albert STRAUGHTER, Jr., Defendant Below, Appellant,

v.

The STATE of Delaware, Plaintiff Below, Appellee.

Supreme Court of Delaware.

Sept. 30, 1968.

Michael F. Tucker and Charles K. Keil, Asst. Public Defenders, for defendant below, appellant.

William Swain Lee, Deputy Atty. Gen., for the State.

WOLCOTT, C. J., and CAREY and HERRMANN, JJ., sitting.

CAREY, Justice:

Albert Straughter, Jr., the appellant, was convicted by a jury in Superior Court of murder in the second degree under Title 11 Del.C. § 572. He now seeks a reversal.

The victim was Milton Thomas, who operated an establishment called "Horseshoe Inn" near Laurel. About 4:00 or 4:30 a. m. on November 26, 1966, the appellant was at the Inn and a fight took place between him and Thomas. There was disagreement among the witnesses as to which of the two was the aggressor. The appellant left the building, went home and returned about fifteen to twenty minutes later with a rifle. He entered the Inn and shot Thomas several times, hitting him in front and back with five bullets, causing his death.

In charging the jury, the trial Judge used the following language:

> "* * * If you believe beyond a reasonable doubt that this defendant killed Mr. Thomas and that this was done with malice and without legal justification, cause, or excuse, then you must return a verdict of murder in the second degree.

> "If you find that the killing was done unlawfully and without legal excuse or justification, but without malice, then you may return a verdict of guilty of manslaughter. And, as I mentioned earlier, if there is no malice there can be no murder. There may be guilt of manslaughter but there can be no murder unless there is a finding of malice * * *"

Appellant alleges error in the use of the word "must" in the first-quoted paragraph. He also contends that the evidence justified at most a verdict of guilty of manslaughter.

The first contention is without merit. The argument advanced is that the use of the word "must" had the effect of depriving the jury of its function of determining the degree of the homicide.* It is,

---

* We might well be justified in answering this contention simply by pointing out that no objection to this language was made at the trial, as required by Superior Court Crim.Rule 30, Del.C.Ann.

of course, the duty of the trial Judge to explain the applicable law, not to resolve the factual issues. It is clear to us, however, that the charge as a whole did not trespass upon the jury's function. It fully explained the elements of second-degree murder and manslaughter; it set forth in detail the various possible verdicts and the nature of the findings which would support them; it clearly left to the jury the determination of innocence or guilt, as well as the degree of guilt. The questioned paragraph does not direct a verdict of second-degree murder; to paraphrase it states that, if the jury finds the existence of those elements that make up the crime of second-degree murder, it is their duty to return such a verdict. If citation of authority be needed, we refer to the long list of cases cited in 23A C.J.S. Criminal Law § 1155 p. 420.

Appellant's second contention is likewise without merit. The argument is that there was evidence indicating actual frenzy of mind on appellant's part, which was as consistent with such frenzy as with malice; that, since the determination of malice or frenzy is an inference drawn from the circumstances, the circumstantial evidence rule applies and, therefore, the evidence here was insufficient to justify the finding of malice.

This argument is similar to one previously made and overruled in Brinkley v. State, Del.Sup., 233 A.2d 56. The intentional use of the deadly weapon, in the circumstances shown, was sufficient to create an implication of malice. It then became incumbent upon appellant to demonstrate the existence of mitigation, excuse or justification by the preponderance of evidence or to the satisfaction of the jury. It was for the jury to decide whether the evidence rebutted the inference of malice created by the State's evidence. Brown v. State, Del. Sup., 234 A.2d 442; Quillen v. State, 10 Terry 114, 110 A.2d 445. We agree with the Court below that the verdict was jus-

tified, especially in view of the lapse of time between the earlier fracas and the shooting.

The judgment below will be affirmed.