Johnny Alonzo **HILL**, Appellant,

v.

**UNITED STATES**, Appellee.

No. 5649.

District of Columbia Court of Appeals.

Argued June 28, 1971.

Decided Aug. 23, 1971.

Everett J. Santos, Washington, D. C., appointed by this court, for appellant.

Leonard W. Belter, Asst. U. S. Atty., with whom Thomas A. Flannery, U. S. Atty., and John A. Terry, Asst. U. S. Atty., were on the brief, for appellee. Richard L. Cys, Asst. U. S. Atty., also entered an appearance for appellee.

Before PAIR, REILLY and YEAGLEY, Associate Judges.

YEAGLEY, Associate Judge:

In this appeal from a jury conviction of petit larceny,[1] appellant claims that the

1. D.C.Code 1967, § 22–2202.

identification procedure on which the Government's case depended, "was so unnecessarily suggestive and conducive to irreparable mistaken identification that [appellant] was denied due process of law" and accordingly that it was error for the trial court to overrule his motion for judgment of acquittal.

The evidence reflected that on September 26, 1970, a cash register on the lunch counter in the Trailways Bus Terminal, at 12th Street and New York Avenue, N.W., was pilfered by four young men who fled on foot. Of the four, only appellant was apprehended. About 15 minutes after the larceny occurred, appellant was brought back to the bus station where Miss Smith, the cashier whose register had been rifled, identified him. She also subsequently identified him at a lineup and in court.

Defense counsel did not object at trial to the on-the-scene identification procedure which was thoroughly described in the testimony of the arresting officer and Miss Smith, nor did he move to suppress that testimony. The grounds for appellant's motion for acquittal at trial were that "the government [had] not carried its burden of proof beyond a reasonable doubt." Appellant argues for the first time on this appeal that even though his present concern with the propriety of the identification procedure was not raised below, it was error for the trial court to overrule his motion for acquittal since the identification procedure was so prejudicial as to deny appellant due process of law.

■ However, such a motion does not serve to question the propriety of the identification procedure. The trial court, in deciding a motion for acquittal, need only consider "whether there is sufficient evidence to allow the jury to find guilt beyond a reasonable doubt." Crawford v. United States, 126 U.S.App.D.C. 156, 158, 375 F.2d 332, 334 (1967).

Therefore, it remains for us to determine whether the identification procedure now complained of amounted to plain error [2] of the sort which we should consider on appeal.

The power of this court to notice errors raised for the first time on appeal is discretionary and it has long been held in this jurisdiction that "[a]bsent a clear showing of prejudice, we are not disposed to notice alleged errors which are raised for the first time on appeal." Harris v. United States, 112 U.S.App.D.C. 100, 101, 299 F.2d 931, 932 (1962) quoted with approval in Bunter v. United States, D.C.App., 245 A. 2d 839 at 841 (1968).

As to procedural issues raised for the first time on appeal, it has been said that: "Federal courts, including the Supreme Court, have declined to notice errors not objected to below even though such errors involve a criminal defendant's constitutional rights." United States v. Indiviglio, 352 F.2d 276, 280 (2d Cir. 1965), cert. denied, 383 U.S. 907, 86 S.Ct. 887, 15 L.Ed.2d 663 (1966).

■ The reason for requiring that specific objection be made to the alleged error at trial is to give the judge an opportunity to correct the error and thus to avoid the necessity of future proceedings. United States v. Indiviglio, *supra* at 280. Furthermore, a timely objection would alert the prosecution to the defendant's claim of error and afford it the opportunity of clarifying the record on the issue raised.

Appellant has not pointed out any exceptional or unusual circumstances surrounding the on-the-scene identification which might indicate that the procedure was so unduly suggestive and prejudicial as to have constituted a denial of due process.

■ In determining whether the identification procedure was so unnecessarily suggestive as to deny appellant due proc-

2. GS Crim.Rule 52(b).

ess of law, the critical issues to resolve are whether there was sufficient proximity of time between the offense and the confrontation and whether the surrounding circumstances attendant to the confrontation were so unduly suggestive as to outweigh the benefits to be derived from an on-the-scene identification.

It is well recognized that identification conducted on the scene may contain certain elements of suggestiveness. However, "there are benefits from an immediate on-the-scene confrontation, which counterbalance such suggestivity." Jones v. United States, D.C.App., 277 A.2d 95, 97 (1971), citing Russell v. United States, 133 U.S.App.D.C. 77, 408 F.2d 1280, cert. denied, 395 U.S. 928, 89 S.Ct. 1786, 23 L.Ed.2d 245 (1969). *See also* United States v. Washington, D.C.Cir., 447 F.2d 308 (decided Dec. 28, 1970). In *Jones* we recently said at 98:

> * * * Whenever a prime suspect can be located at or near the scene of a crime as the result of an ongoing, uninterrupted police search, we believe that both the public interest and the interests of justice are best served by an immediate confrontation.

■ In the case at bar, appellant was returned to the scene of the crime not more than 15 minutes after the larceny. It cannot be said that the arresting officer acted improperly in returning to the bus station to determine if someone could identify the suspect he had apprehended. The officer had not been present when the offense was committed. He knew none of the circumstances surrounding the larceny and no doubt did not want to charge appellant until he could determine if someone could identify him as one of the culprits.

■ The thrust of appellant's argument on this appeal centers around a conflict in testimony concerning the color of his shirt at the time of the larceny. However, this issue does not bear on the propriety of the identification procedure. Where there are discrepancies in the witnesses' testimony, it is for the jury to assess the evidentiary value of that testimony. Jones v. United States, *supra*. Moreover, Miss Smith, the identifying witness, was definite at the confrontation in her identification of appellant as being "the boy," and at trial said "he looked the same."

It is of some interest to note that when the arresting officer was endeavoring to subdue the appellant in a back yard after a chase of several blocks, the appellant called for his mother adding, "This is where I live." However, it turned out to be a vacant house some distance from appellant's home.

The appellant has failed to establish plain error, if indeed he has shown any error at all. Accordingly, the judgment is

Affirmed.