Norman Frank SPEARS, Appellant,

v.

UNITED STATES, Appellee.

No. 5579.

District of Columbia Court of Appeals.

Argued July 19, 1971.

Decided Sept. 22, 1971.

Stephen S. Millstein, Washington, D. C., for appellant.

Raymond Banoun, Asst. U. S. Atty., with whom Thomas A. Flannery, U. S. Atty., John A. Terry and John A. McCahill, Asst. U. S. Attys., were on the brief, for appellee.

Before NEBEKER, PAIR and YEAGLEY, Associate Judges.

PAIR, Associate Judge:

After trial by a jury, appellant was found guilty on a five-count information charging that he embezzled[1] and converted to his own use money, property of the United States. On this appeal, appellant makes several claims of error but finding, after a review of the record, that none is of such substance as to require reversal, we affirm.

At the time of the acts complained of, appellant was employed at the Government Printing Office as a mail processing clerk. His duties were to (1) remove, from mail orders for Government publications, any money forwarded with the order, (2) mark on the upper left corner of the envelope the amount and kind of money that was enclosed, (3) place the money in a separate brown envelope in the cash compartment of his desk, and (4) place the letter and envelope in another compartment.

1. 18 U.S.C. 641.

In accordance with established procedures, the mail is first sorted by other clerks as to the size of the envelopes and then opened by means of a "machine slicer," after which it is stacked into bundles of fifty letters called a unit and distributed to the processing clerks.

In his opening statement to the jury, Government counsel announced, *inter alia*, that he would show by the testimony of a Helen Tarver that on prior occasions appellant, in the discharge of his duties, was observed in activity at variance with established procedure for handling mail. He announced also that Irene Volch would testify that, approximately two years before, she had observed appellant squeezing envelopes as he sorted them, that he put some of them in a separate stack, and then put them into his pocket.

At the trial there was, without objection, testimony by Dorothy Caudale, a co-worker, and by Helen Tarver, appellant's immediate supervisor, in substance as follows: As early as 1967 and again in March 1970, appellant, who was then assigned to the initial process of sorting the mail, was observed in activity described as inconsistent with his assigned duties. He was observed to squeeze envelopes as he sorted them, to open some of them by means of a "hand slicer" and look into the envelopes and then put some of the envelopes to one side. Mrs. Volch, however, was not called by the Government as a witness and her name was not thereafter mentioned.

There was further testimony that on May 11, 1970, Mrs. Tarver, in the presence of Bryan Mercer, Chief of the Internal Audit staff, and Nathaniel Stuart, night supervisor of Collections, Deposits and Refunds Section, gave to an agent of the F.B.I. four bundles, each containing fifty letters. The agent, in their presence, selected thirteen letters, marked the envelopes and the money that was enclosed, listed the serial numbers of the bills and the names of the senders. The envelopes, with their contents, were then replaced in the bundles of letters and, the next morning, the bundles were distributed to appellant for processing.

After appellant completed the processing of the four bundles of letters, they were picked up by Mr. Stuart and returned to Mrs. Tarver. She took the envelopes to Mr. Mercer's office where immediately thereafter they were checked by the F.B.I. agent who discovered that eight of the envelopes were missing.

A warrant for the arrest of appellant was obtained and, upon its execution the following day, twelve of the bills in the sum of $16, each of which had been marked by the F.B.I. agent, were found on his person.

At the end of the Government's case, appellant's motion for a judgment of acquittal was denied, after which there was testimony by appellant explanatory of his possession of the marked money. Appellant stated that on May 12, 1970, he exchanged a ten-dollar bill for smaller bills removed from the envelopes "to pay the parking lot attendant, buy gasoline and get a coke." He explained that because of a rainstorm that evening he was unable to pay the parking lot attendant and was, for that reason, still possessed of the marked bills at the time of his arrest.

After instructions by the court, to which appellant interposed no objection, the jury deliberated and returned a verdict of guilty on each of the five counts of the information.

◼ Urging reversal, appellant contends that he was prejudiced at the outset when Government counsel announced, in his opening statement to the jury that Irene Volch would testify that, on prior occasions, she had observed appellant discharge his duties in a manner not consistent with established procedures for handling mail. Such prejudice, appellant insists, was compounded when the Government failed to call her as a witness.

It is true that Mrs. Volch was not called as a witness but, as the court said in Gladden v. Frazier, 388 F.2d 777, 779 (9th Cir. 1968), aff'd sub nom., Frazier v. Cupp, 394 U.S. 731 89 S.Ct. 1420, 22 L.Ed.2d 684 (1969):

> In any case in which counsel * * * elects to make an opening statement outlining to the jury the substance of what he expects to prove, and naming the witnesses by which he hopes to prove it * * * there is the possibility that the testimony which counsel has spoken of will never materialize on the witness stand. The expected witness may die or disappear * * *. If it happens * * * [counsel] has to do the best he can without it. * * * The controlling question should be the good faith or lack of good faith of counsel in saying what he said * * * and the likelihood that the opening statement was unfairly prejudicial to the defendant. [388 F.2d at 779.]

Here there was testimony by both Helen Tarver and Dorothy Caudale which was substantially the same as that the Government announced would be elicited from Irene Volch. Significantly enough, however, appellant interposed no objection whatsoever to such testimony. As a general rule, matters not raised at trial will not be considered on appeal except in exceptional circumstances. Harris v. United States, 112 U.S.App.D.C. 100, 299 F.2d 931 (1962); Bunter v. United States, D.C.App., 245 A.2d 839, 841 (1968); Ginyard v. United States, D.C.App., 232 A.2d 590 (1967); Mayle v. District of Columbia, D.C.Mun.App., 168 A.2d 398 (1961). Here the record reveals no exceptional circumstances and, since there is no showing of plain error, we conclude that appellant was not prejudiced either by the Government's opening statement or by the testimony respecting his prior acts which were at variance with established procedures for handling mail.

Appellant contends, nevertheless, that on the authority of United States v. McClain, 142 U.S.App.D.C. 213, 440 F.2d 241 (1971), and Lofty v. United States, D.C.App., 277 A.2d 99 (1971), the trial court was required to give sua sponte and immediately a cautionary instruction as to the limited purpose for which such evidence was offered and that failure to do so was reversible error. We need not decide whether the testimony was admissible for some limited purpose covered by those cases since both *McClain* and *Lofty* were decided subsequent to the entry of judgment in this case and therefore may not be regarded as controlling whatever view may be taken of the evidence of appellant's prior behavior.[2] Mackey v. United States, 91 S.Ct. 1160, 401 U.S. 667, 28 L.Ed.2d 404 (1971); Williams v. United States, 401 U.S. 646, 91 S.Ct. 1148, 28 L.Ed.2d 388 (1971); Hill v. California, 91 S.Ct. 1106 (1971); Halliday v. United States, 394 U.S. 831, 89 S.Ct. 1498, 23 L.Ed.2d 16 (1969); Desist v. United States, 394 U.S. 244, 89 S.Ct. 1030, 22 L.Ed. 2d 248 (1969).

[redacted] Appellant contends next that the trial court erred when it refused to grant a mistrial because of improper cross-examination by Government counsel. The motion for a mistrial was occasioned by the following colloquy between appellant and Government counsel:

RECROSS EXAMINATION

[By Government Counsel]

Q. * * * [D]id you, at any time prior to today, tell anyone, except your lawyer, that Mr. Stuart went into the vault and stayed for 10 minutes?

A. Yes, I did.

2. The testimony now complained of was not challenged at the trial. It would appear, however, that the testimony may have been admissible to prove modus operandi and intent, and to negate accident or mistake. *See and compare* United States v. Gay, 133 U.S.App.D.C. 337, 340, 410 F.2d 1036, 1039 (1969) (remanded to this court and affirmed, Gay v. United States, D.C.App., 259 A.2d 593 (1969)).

[redacted]

Q. Who did you tell?

A. I told my father.

Q. Did you tell the F.B.I. Agent when you were arrested?

A. No, I did not. I didn't say anything until I was represented by Counsel.

Q. You didn't want to get yourself out of trouble, did you?

A. No, I just knew my rights.

Upon denial of the motion for a mistrial, the court gave an immediate cautionary instruction to the jury.[3] Defense counsel made no objection to the instruction and, without any further reference to its subject matter, concluded his defense shortly thereafter. Under the circumstances, the trial court having so clearly and carefully instructed the jury, the error, if any, in the prosecution's interrogation, must be regarded as harmless. *See* Donald v. United States, 70 App.D.C. 14, 102 F.2d 618 (1939); U. S. ex rel. Coffey v. Follette, 310 F.Supp. 946 (S.D.N.Y.1969), aff'd per curiam, 423 F.2d 750 (2d Cir. 1970). *Compare* Gillison v. United States, 130 U.S.App.D.C. 215, 399 F.2d 586 (1968), so strongly relied upon by appellant, where the trial court failed to give the jury any instruction as to defendant's right to remain silent.

Because there is, in the record, abundant evidence from which the jury could have found, as it did, that appellant was beyond any reasonable doubt guilty as charged, no useful purpose would be served by discussion of the other assignments of error which we have concluded are unsubstantial. Trent v. United States, 109 U.S.

App.D.C. 152, 284 F.2d 286 (1960), cert. denied, 365 U.S. 889, 81 S.Ct. 1035, 6 L. Ed.2d 199 (1961); Kruse v. District of Columbia, D.C.Mun.App., 171 A.2d 752 (1961); Russell v. District of Columbia, D.C.Mun.App., 118 A.2d 519 (1955).

Affirmed.

3. Ladies and Gentlemen of the Jury. The U. S. Attorney asked the Defendant certain questions pertaining to the time he was talking to the F.B.I. Agent after he was arrested. I will instruct you at this time that the Defendant has an absolute right to maintain silence when he is arrested. Anything that he does not say, or does say, can only be admitted after the court has made some kind of an inquiry, and I am going to instruct you

right here and now to disregard any statement referring to what was or what was not said to the F.B.I. Agents after his arrest. You are not to take that into consideration at any time during the deliberation of this case. Is that understood?
Mr. Millstein: If you Honor please, the Defense will rest at this point.