William A. BAKER, Appellant,

v.

UNITED STATES, Appellee.

No. 7244.

District of Columbia Court of Appeals.

Argued Jan. 16, 1974.

Decided Aug. 13, 1974.

---

Selma M. Levine and James H. Heller, Washington, D. C., appointed by this court, for appellant.

Julius A. Johnson, Asst. U. S. Atty., with whom Harold H. Titus, Jr., U. S. Atty., at the time the brief was filed, John A. Terry and Raymond Banoun, Asst. U. S. Attys., were on the brief, for appellee, Garey G. Stark, Asst. U. S. Atty., also entered an appearance for appellee.

Before GALLAGHER, YEAGLEY and HARRIS, Associate Judges.

YEAGLEY, Associate Judge:

This is an appeal from a conviction of manslaughter (D.C.Code 1973, § 22–2405) after a jury trial. Appellant was acquitted of second degree murder and carrying a dangerous weapon (knife).[1] Several errors are assigned by appellant which will be discussed, *infra*. Based on our consideration of the record in the light of applicable case law, we reverse for a new trial consistent with this opinion.

At about 1 a. m. on September 10, 1972, T. Willie Simon entered a restaurant accompanied by Miss Ivory Virgil. Appellant, who already was in the restaurant,

---

1. The manslaughter conviction was as a lesser included offense of second degree murder.

did not know Simon. Within a short period of time a fight had broken out between Simon and appellant. There are conflicts in the evidence as to who started the fight and as to whether appellant had and used a knife against Simon. After the fight Simon left the premises, and appellant left shortly thereafter. A short time later Simon was found dead about a block from the restaurant. He had suffered twenty-three stab wounds, two of which were considered fatal.

Appellant claims that part of the trial court's instruction on self-defense was prejudicially erroneous.[2] The first portion of the instruction [3] generally corresponds to D.C.Bar Association, Criminal Jury Instructions for the District of Columbia (2d ed. 1972) Instruction No. 5.13. Then followed the portion of the instruction objected to:

> If the Government does prove to you beyond a reasonable doubt that the Defendant did not act in self-defense, then you must find the Defendant guilty.

There is nothing in the standard instructions which corresponds to this portion of the instruction.

Following the giving of the instruction appellant's counsel made a specific objection to it citing United States v. Hayward, 136 U.S.App.D.C. 300, 420 F.2d 142 (1969). The judge recognized that the objected to instruction might be erroneous but thought that changing it at that point would do "more harm than good".

In *Hayward, supra* at 301–302, 420 F.2d at 143–144 (a case by which we are bound, M. A. P. v. Ryan, D.C.App., 285 A.2d 310 (1971)) the jury was first instructed that if the government failed to prove beyond a reasonable doubt that defendant was present at the scene of the crime then it must find the defendant not guilty. The instruction then went on:

> "On the other hand, if, after a fair and full consideration of all the facts and circumstances in evidence, you find that the Government has proved beyond a reasonable doubt that the Defendant was present at the time when and at the place where the offense charged was committed, *then you must find the Defendant guilty.*" (Emphasis in original.)

Judge Tamm, writing for the Circuit Court, explained that the effect of this instruction was to allow (indeed to "instruct") the jury to find the defendant guilty if his alibi defense was disproved, without regard to the government's burden to prove all of the elements of the crime. The court held that this amounted to a directed verdict of guilty which was violative of appellant's Sixth Amendment right to a jury trial. *See* Cooper v. United States, 94 U.S.App.D.C. 343, 345, 218 F.2d 39, 41 (1954).

■ The case before us and *Hayward* are as similar as two cases are apt to become. In our case the effect of the instruction in question was to require the jury to convict appellant if it found that the government disproved his claim of self-defense, regardless of whether the jury found that all of the elements of the crime had been proven. Appellant's plea of not guilty put all elements of the crime at issue, Roe v. United States, 287 F.2d 435, 440 (5th Cir.), cert. denied, 368 U.S. 824, 82 S.Ct. 43, 7 L.Ed.2d 29 (1961), e. g., whether he inflicted the fatal wounds and if so whether it was done in self-defense. Appellant took the stand and supported both defenses with his own testimony. For the judge to indicate, albeit by a good faith

---

2. No objection was made before the instruction was given since the judge had indicated he would use the "standard" instruction on self-defense.

3. If evidence of self-defense is proven, the Government must prove beyond a reasonable doubt that the Defendant did not act in self-defense. The Government then has that burden. If you find that the Government has failed to prove beyond a reasonable doubt that the Defendant did not act in self-defense, you must find the Defendant not guilty. . . .

error, that a conviction was required solely on the basis that the claim of self-defense was disproved, is error.

·The government argues, as it did in *Hayward*, that the instruction, if it was erroneous, constituted harmless error on the basis that the other instructions were correct and that appellant's claim of self-defense was weak.

█ It contends that other instructions, which in general terms correctly set forth the law as to the government's burden of proof, should be presumed to have been obeyed by the jurors in their "faithful adherence to their respective oaths". This argument assumes too much. Time and again this and other courts have spoken of the presumption that juries faithfully obey the instructions given to them by the judge. An application of this presumption to the instant situation leads to the dilemma of which instruction do we presume the jury obeyed. Did they obey the specific instruction that they "must" convict if the government disproved appellant's claim of self-defense; or did they, in spite of that specific instruction, somehow obey the general instructions that the government bears the burden of proof beyond a reasonable doubt on all elements of the offense? Faced with such a dilemma we are, like the court in *Hayward,* unable to find the error harmless.

Likewise are we unable to find the error harmless based on the weakness of appellant's self-defense claim. The government misconceives the nature of the instructional error when it states that appellant "did not have a strong claim to self-defense, minimizing, if not eliminating, the likelihood of any prejudice." The·problem with the instruction is not that it might have caused the jury to erroneously reject appellant's self-defense claim; the problem is

that if the jury did reject the self-defense claim, it could have, solely on that basis, convicted appellant, without considering and weighing the evidence in light of the elements of the crime. In fact, the weaker the self-defense claim, the greater the likelihood that the jury might convict without consideration of all of the elements of the crime.

Appellee refers us to United States v. Martin, 154 U.S.App.D.C. 359, 475 F.2d 943 (1973), characterizing its holding as being "that in light of the instructions as a whole, an erroneous instruction to the effect that the jury 'must' find beyond a reasonable doubt as to a matter of defense, · · · was harmless."

Beyond the fact that the words "must find" were used in both instructions, the instruction in *Martin* is in no way similar to the instruction before us,[4] nor was its potential for harmful effect on the jury as great. The court in *Martin* thought it to be significant, with respect to its determination, that the instructional error before it was not prejudicial, that the evidence adduced at trial strongly indicated that appellant was not intoxicated.

As we have said, however, the error in our case is not made less prejudicial by the alleged weakness of appellant's self-defense claim since the error in effect directs a guilty verdict with respect to all elements of the crime, and it is this which creates the prejudice to appellant.

To summarize, we find: that the instruction in question incorrectly allowed the jury to convict appellant based solely on a rejection of his claim of self-defense; that other general instructions on the government's burden of proof of the elements of the crime did not dissipate this error; and that the weakness of appellant's self-defense claim, if not irrelevant to the prej-

---

4. "Now, as you know, ladies and gentlemen of the jury, mere drinking is not intoxication. You must find *beyond a reasonable doubt* that the defendant at the time and place in question if he did perform the act was in such a

mental state that *he was not capable of forming the specific intent in question."* (Emphasis in original.) [United States v. Martin, *supra* at 362–363, 475 F.2d at 946–947.]

udice caused by the instructional error, certainly is not overriding. We are thus unable to say, as we must if we are to affirm a conviction resulting from a proceeding wherein error has been committed, that there is no "reasonable possibility that the [error] contributed to the conviction". Schneble v. Florida, 405 U.S. 427, 432, 92 S.Ct. 1056, 1060, 31 L.Ed.2d 340 (1972).

Accordingly, we reverse this conviction and remand the case for a new trial.

Since some of the other contentions of error advanced by appellant may arise at a retrial we deem it advisable to comment on them here.

Appellant argues that it was error for the court to allow the government to impeach its own witness, O. C. Kelly, claiming that his testimony was not surprising to it nor was it adverse to its case.

D.C.Code 1973, § 14–102 provides in pertinent part:

> When the court is satisfied that the party producing a witness has been taken by surprise by the testimony of the witness, it may allow the party to prove, for the purpose only of affecting the credibility of the witness, that the witness has made to the party or to his attorney statements substantially variant from his sworn testimony about material facts in the cause. . . .

Appellant claims that the government could not have "been taken by surprise by the testimony" of Kelly since it learned from his testimony at the pretrial hearing that he repudiated the earlier statement to police which he had signed. The government, relying on Wheeler v. United States, 93 U.S.App.D.C. 159, 211 F.2d 19 (1953), cert. denied, 347 U.S. 1019, 74 S.Ct. 876, 98 L.Ed. 1140 (1954), takes the position that

it hoped that, in spite of his pretrial repudiation of his written statement, Kelly would testify in accordance with his statement to the police and therefore it was "surprised" when he did not.

Whatever the merits of appellant's contention might be under the circumstances of that trial, and they are not insubstantial, it is clear that any assertion of surprise at a retrial must fail as being unsupportable in law or fact. *See* Belton v. United States, 104 U.S.App.D.C. 81, 83, 259 F.2d 811, 813 (1958); Coleman v. United States, 125 U.S.App.D.C. 246, 247 n. 2, 371 F.2d 343 n. 2 (1966), cert. denied, 386 U.S. 945, 87 S.Ct. 979, 17 L.Ed.2d 875 (1967); 2 Wharton's Criminal Evidence § 485 (1972).

■ Surely if the government were positive that one of its witnesses would repudiate a prior statement at trial, it could not be "surprised" when he did so, and claim the benefit of D.C.Code 1973, § 14–102. *See* Coleman v. United States, *supra*. To hold otherwise would be to render meaningless the statutory requirement of surprise and interpret the statute as allowing impeachment with prior inconsistent statements whenever such statements exist, regardless of surprise.[5] It would also certainly contravene the requirement that "actual surprise must be found." Belton v. United States, *supra*.

We see no need to discuss appellant's attacks on the timing and substance of the court's instructions regarding the limited admissibility of impeachment material since, as we have stated, *supra*, the government may not impeach Kelly at a new trial on the basis that it is surprised by his testimony.

■ We would also point out that in instructing the jury on a lessor included of-

---

5. Our reading of the transcript disturbs us. We note that government counsel in his closing argument to the jury referred to Kelly's prior inconsistent statements in a way which was wholly incompatible with the limited use for which those statements were admitted; *i. e.*, he quite improperly referred to those

statements for their substantive truth when he argued:

Mr. Baker also says that he cut T. Willie Simon; he told O. C. Kelly that he cut T. Willie Simon with his own pocketknife. He said to him all he had to use was his pocketknife.

fense, in this case manslaughter, the trial court should be as careful as when it instructs on the principal charge to state that the elements of the offense must each be proved beyond a reasonable doubt.

■ We do not rule on appellant's claim of error, with respect to the court admitting into evidence the statement he made to the police after his arrest. Appellant did not move to suppress the statement and no objection was made at trial to its admissibility.[6] No purpose would be served in determining whether it constituted plain error in view of our disposition of the case. Neither do we deem it necessary to rule on the propriety of appellant being sentenced by a judge other than the trial judge.

Reversed.

HARRIS, Associate Judge (concurring):

I concur in the disposition of this appeal with some reluctance, for we are setting aside a conviction which is based upon compelling evidence because of a single sentence which was added by the trial judge to the standard instruction on self-defense.

In total, the carefully delivered instructions fill 21 pages of transcript. Unchallenged on this appeal was the following deviation from the standardized instruction on reasonable doubt:[1]

. . . if you find after consideration of the evidence that the Government has proved each element of each charge beyond a reasonable doubt, you are obliged to find the Defendant guilty. If you find on the other hand that the Government has failed to prove any elements of any offense beyond a reasonable doubt, then you are equally obliged to find him not guilty.

Such a reassertion of the sober obligation of each juror was permissible.[2] *E.g.,* United States v. Minker, 312 F.2d 632 (3d Cir. 1962), cert. denied, 372 U.S. 953, 83 S.Ct. 952, 9 L.Ed.2d 978 (1963); Straughter v. State, 247 A.2d 202 (Del.1968); State v. Devoe, 301 A.2d 541 (Me.1973); State v. Bryant, 375 S.W.2d 107 (Mo.1964).

Subsequent thereto, the trial court delineated the elements of second degree murder and of the lesser included offense of voluntary manslaughter, the most important of which is that the decedent died of injuries inflicted by the defendant.[3] Then came the following instruction on self-defense:

If you find that the Government has failed to prove beyond a reasonable doubt that the Defendant did not act in self-defense, you must find the Defendant not guilty. If the Government does prove to you beyond a reasonable doubt that the Defendant did not act in self-de-

---

6. Hill v. United States, D.C.App., 280 A. 2d 925 (1971).

1. *See* Criminal Jury Instructions for the District of Columbia, No. 2.09 (2d ed. 1972).

2. Under the oath administered to Superior Court jurors in criminal cases, each solemnly swears that he or she will "a true verdict render according to the law and the evidence". *Cf.* Arshack v. United States, D.C.App., 321 A.2d 845 (1974).

3. At that point, with reference to the second degree murder charge, the trial court instructed that if the jury found that all elements had been proven beyond a reasonable doubt, it "may find" the defendant guilty. The court further instructed that if the jury found any element missing, it "may" [as opposed to "must"] find the defendant not guilty. No objection was made to the latter deviation from the standard instruction. *Cf.* Criminal Jury Instructions for the District of Columbia, *supra,* No. 2.08.

fense, then you must find the Defendant guilty.

It is well recognized that "jury instructions are to be considered as a whole, rather than as isolated passages." United States v. Martin, 154 U.S.App.D.C. 359, 363, 475 F.2d 943, 947 (1973). In light of the authorities cited above, I would not find reversible error in the challenged instruction on self-defense but for one evidentiary fact: Although he did advance a claim of self-defense, defendant also denied inflicting any injury on the decedent. Hence, the directive that the jury · "must find" the defendant guilty if it rejected the claim of self-defense inevitably ran afoul of the holding in United States v. Hayward, 136 U.S.App.D.C. 300, 420 F.2d 142 (1969), since the jury thereby became free to convict irrespective of whether it was proven beyond a reasonable doubt that the victim died as a consequence of injuries inflicted by the defendant.

The defect readily could have been cured, for defense counsel made timely objection to the use of the word "must" in the instruction and the trial judge effectively acknowledged his error.[4] However, the trial court concluded: "But I think it will do more harm than good to go over the whole thing." Defense counsel might have made such a tactical judgment, but he did not. While appellate courts must guard against giving undue weight to an out-of-context portion of a comprehensive set of jury instructions, the defect here leaves me unable to conclude beyond a reasonable doubt that defendant was not deprived of a fair trial.[5] Chapman v. California, 386 U.S. 18, 87 S.Ct. 824, 17 L.Ed. 2d 705 (1967).

4. Although the objection was limited to the use of "must" rather than "may", the sentence in which it was used would be almost equally objectionable if "may" had been used, since appellant denied causing any injury to the decedent.

5. In light of our holding on the issue of the self-defense instruction, I would not reach any of the other questions which might arise in a possible retrial.