Opinion for the court by Associate Judge BECKWITH.
Concurring opinion by Senior Judge NEBEKER at page 606.
Beckwith, Associate Judge:
On October 23, 2014, the United States District Court for the District of Columbia — on the directive of the United States Court of Appeals for the District of Columbia Circuit — issued an order granting appellant Ronnie Payne’s petition for a writ of habeas corpus but staying its execution to permit this court an opportunity to allow Mr. Payne to raise an instructional error issue that had gone unchallenged on direct appeal. See Payne v. Stansberry, 760 F.3d 10 (D.C. Cir. 2014). This court subsequently directed Mr. Payne to file a motion to recall the mandate and then granted that motion and agreed to review his claim. Concluding that the instructional mistake does not amount to constitutional error, we affirm the convictions.
I.
On February 23, 1993, a jury found Mr. Payne and a codefendant guilty of two counts of first-degree murder, two counts of assault with intent to kill while armed, *604 one count of carrying a pistol without a license, and one count of possession of a firearm during a crime of violence.[1] A recitation of the facts can be found in Payne v. United States, 697 A.2d 1229, 1230-32 (D.C. 1997).
The matter before this court concerns a mistaken instruction given to the jury just prior to deliberation. Although the Superi- or Court properly informed the jury on several occasions about the government’s burden of proof, on one occasion the judge instructed the jury:
If you find that the Government has proved, beyond a reasonable doubt, every element of the offense with which these defendants, or this defendant is charged, it’s your duty to find that defendant guilty.
On the other hand, if you find that the Government has failed to prove any element of the offense, beyond a reasonable doubt, you must find that defendant guilty.
(emphasis added). By omitting the word “not” from the final sentence, the instruction, taken in isolation, had the effect of directing a verdict of guilty, since it would have a jury convict whether or not the government met its burden to prove every element of the offenses charged beyond a reasonable doubt.
II.
On appeal, Mr. Payne argues that the court’s mistaken instruction amounts to structural error because it directed a verdict for the government. He contends that the error was not corrected by the court’s other instructions, leaving the jurors with the impression that they must convict regardless of the defendant’s guilt or innocence. “On a plain error review, an appellant must show that the objectionable action was (1) error, (2) that is plain, (3) that affects substantial rights, and (4) that seriously affects the fairness, integrity or public reputation of judicial proceedings.” Coleman v. United States, 948 A.2d 534, 544 (D.C. 2008) (quoting Marquez v. United States, 903 A.2d 815, 817 (D.C. 2006)).[2] The first prong is dispositive in this case.
In deciding whether an instructional mistake amounts to constitutional error, we determine whether there is a “reasonable likelihood that the jurors who determined ... guilt applied the instructions in a way that violated the Constitution.” Victor v. Nebraska, 511 U.S. 1, 22-23, 114 S.Ct. 1239, 127 L.Ed.2d 583 (1994); see also Minor v. United States, 647 A.2d 770, 773 (D.C. 1994). Because “the Due Process Clause protects the accused against conviction except upon proof beyond a reasonable doubt of every fact necessary to constitute the crime with which he is charged,” In re Winship, 397 U.S. 358, 364, 90 S.Ct. 1068, 25 L.Ed.2d 368 (1970), a defendant would be deprived of this due process right if there were a reasonable likelihood the jurors understood their instructions to allow conviction upon a lesser showing or no showing at all.
Standing alone, the sentence with the omitted “not” was erroneous. But this does not end our inquiry. See United States v. Norris, 873 F.2d 1519, 1524 (D.C. Cir. 1989) (citing United States v. Martin, 475 F.2d 943, 947, 950 (D.C. Cir. 1973)). “In determining the effect of [an] instruction on the validity of [a] conviction, ... a single instruction to a jury may not be judged in artificial isolation, but must be *605 viewed in the context of the overall charge.” Cupp v. Naughten, 414 U.S. 141, 146-47, 94 S.Ct. 396, 38 L.Ed.2d 368 (1973) (citing Boyd v. United States, 271 U.S. 104, 107, 46 S.Ct. 442, 70 L.Ed. 857 (1926)).
Mr. Payne relies on two cases, Baker v. United States, 324 A.2d 194, 196-97 (D.C. 1974), and United States v. Hayward, 420 F.2d 142, 144 (D.C. Cir. 1969),[3] in which convictions were reversed due to jury instructions that directed a verdict for the government if the jury resolved a particular issue against the defendant: in Baker a self-defense claim, in Hayward an alibi defense. Jurors following these instructions, and likely unfamiliar with the exact workings of the legal system, might convict a defendant even if unconvinced of all the elements of an offense beyond a reasonable doubt.
Unlike in Hayward or Baker — where the respective juries were still asked to decide at least one factual issue upon which the outcome depended and therefore to play a meaningful role in the determination of the defendants’ guilt or innocence— it is not reasonably likely that the jurors here, after sitting through the entire trial, would understand the judge to be instructing them to find the defendant guilty no matter what. The structure of the mistaken instruction, even if taken in isolation, worked against any such misunderstanding. The jury was instructed:
If you find that the Government has proved, beyond a reasonable doubt, every element of the offense ... charged, it’s your duty to find that defendant guilty.
On the other hand, if you find that the Government has failed to prove any element of the offense, beyond a reasonable doubt, you must find that defendant guilty.
(emphasis added). “On the other hand” communicates that one outcome will differ from the other.
But if the correct interpretation were not apparent in isolation, it was in context. The jurors were told, before they ever received the erroneous instruction, that “[t]he presumption of innocence remains with the defendant throughout the trial, unless and until he is proven guilty, beyond a reasonable doubt,” and “the defendant] do[es] not have to prove [himself] innocent .... The Government is required to prove [his] guilt, beyond a reasonable doubt.” After the instructional mistake occurred, the court told the jurors that they “may return [their] verdict of guilty, or not guilty, with respect to any defendant on any count.”
The record reflects that the jury understood its task. The jurors deliberated over several days. During that time, they asked questions about the evidence they had received and they asked for reinstruction on aiding and abetting. The conduct of the jurors over several days is unexplainable unless they thought they had an actual— and not merely symbolic — charge to determine guilt or innocence.
Because the court cannot say there is a reasonable likelihood the jurors who determined Mr. Payne’s guilt applied the instructions in a way that lowered or eliminated the burden of proof, the trial court’s instructional mistake was not constitutional error. See Victor, 511 U.S. at 22-23, 114 S.Ct. 1239; In re Winship, 397 U.S. at 364, 90 S.Ct. 1068; Minor, 647 A.2d at 773.[4]
*606 III.
For the foregoing reasons, the judgment of the trial court is affirmed.

. D.C. Code §§ 22-2401, -3202 (1989); D.C. Code §§ 22-501,-3202; D.C. Code § 22-3204 (a); D.C. Code § 22-3204 (b).

. The parties agree that we should review this instructional claim under a plain error standard because no objection was made at trial.

. Hayward, is binding precedent in this court. M.A.P. v. Ryan, 285 A.2d 310, 312 (D.C. 1971).

. Judge Nebeker, in his concurrence, offers an alternative theory upon which to affirm Mr. Payne’s conviction: "that the ‘not’ omission was a court reporter error and thus there *606 was no instructional error at all given to the jury.” Post, at 608. Even if there were any evidence to support such a conclusion, no statute or court rule empowers this court to simply declare that the mistake was a transcription error. "When there is a possible error in the record, it must be clarified by the trial court.” Clark v. United States, 147 A.3d 318, 331 (D.C. 2016) (citing D.C. App. R. 10 (e)(1)); see also Thomas v. United States, 715 A.2d 121, 126 (D.C. 1998) (Schwelb, J., concurring) (claim of transcription error raised for the first time on appeal "is being made unseasonably and in the wrong forum”). In Judge Nebeker’s view, this court is in as good a position as a substitute trial judge to resolve this "difference ... about whether the record truly discloses what occurred in the Superior Court.” D.C. App. R. 10 (e)(1); post, at 607. But as the government has conceded in its brief and at oral argument, even very experienced judges make mistakes, it is possible that the trial judge here misspoke, and without any evidence to the contrary we must assume the transcript is correct.