**Wallace SHUMAN, Appellant,**

**v.**

**UNITED STATES, Appellee.**

**No. 4486.**

District of Columbia Court of Appeals.

Argued April 29, 1968.

Decided July 8, 1968.

Philip N. Margolius, with whom Bernard Margolius, Washington, D. C., was on the brief, for appellant.

William M. Cohen, Asst. U. S. Atty., with whom David G. Bress, U. S. Atty., Frank Q. Nebeker and Franklin S. Bonem, Asst. U. S. Attys., were on the brief, for appellee.

Before MYERS, KELLY and FICKLING, Judges.

KELLY, Associate Judge:

Appellant was convicted by a jury of false pretenses, D.C.Code 1967, § 22–1301. In this appeal he claims the court erred in restricting pertinent cross-examination of the principal Government witness and in permitting reference by the witness to a certain photograph.

Simply put, the Government's case was that appellant gave a check drawn on a nonexistent bank in payment for an antique Chinese armchair. His defense was that it was agreed the check was to be held until he could return to pay cash for it.

During cross-examination the witness mentioned that a detective had called to say "he thinks he finds the man who gave me the bad check. He has his picture and he wants me to identify the picture." Sua sponte, the court instructed the jury to disregard this testimony. Somewhat later, in asking the witness about her answer to one

question on a form she had filled out for the police, defense counsel said: "When you came you were told that the answer had to be no in order for you to get a warrant?" The court immediately interrupted to ask if counsel had testimony to offer that the witness had been told by the police what her answer to the question should be. When counsel said he did not, the court admonished him never to make such an allegation against a police officer unless he was able to back it up. The statement was stricken from the record and cross-examination resumed. In neither instance was there an objection, protest, or motion for mistrial made.

The right of cross-examination must be fairly exercised and its permissible scope is within the sound discretion of the trial court. Howard v. United States, 128 U.S.App.D.C. 336, 389 F.2d 287, 292 (1967); cf. Lindsey v. United States, 77 U.S.App. D.C. 1, 133 F.2d 368 (1942). In our judgment there was no abuse of discretion or error affecting substantial rights in this case. If defense counsel's statement was in fact a question to the witness, it assumed the truth of its content, and the court properly admonished counsel when informed that he had no proof of the facts encompassed by the question. Cf. Jackson v. United States, 111 U.S.App.D.C. 353, 356, 297 F.2d 195, 198 (1961) (concurring opinion). Furthermore, appellant was in nowise prejudiced by the admonition since counsel was thereafter allowed to pursue the inquiry without restriction.

As to appellant's second claim of error, we do not think it can fairly be said that the trial court permitted a prejudicial reference to a photograph, presumably of appellant, on cross-examination. The answer of the witness was not directly responsive to the question asked, yet it went unnoticed until several questions later when, sua sponte, the trial court struck the reference and instructed the jury to disregard it.

The picture was not otherwise identified, nor was any photograph ever offered in evidence, so there is little reason to speculate that the jury must necessarily have inferred from the answer that appellant had a prior criminal record.[1] Cf. Barnes v. United States, 124 U.S.App.D.C. 318, 365 F.2d 509 (1966). As we said in Saunders v. United States, D.C.App., 224 A.2d 473, 474 (1966):

> We note at the outset that prejudice resulting from an unresponsive statement of a witness is cured in most instances by striking the statement and instructing the jury to disregard it, and it is only when the statement's effect upon the jury is so prejudicial that it cannot be blotted out by instructions that a motion for a mistrial or a new trial should be granted.

Timely action by the trial court here cured whatever prejudicial effect the gratuitous comment about a picture may be said to have had upon appellant's case. Accordingly, the conviction is

Affirmed.

---

1. Appellant had no criminal record.