**UNITED STATES of America**

v.

**Larry P. HALLMAN, Appellant.**

**No. 23800.**

United States Court of Appeals, District of Columbia Circuit.

Jan. 11, 1971.

Petition for Rehearing Denied Feb. 16, 1971.

---

20. *Compare* EDF v. Ruckelshaus, 142 U.S.App.D.C. at —— – ——, 439 F.2d at 596–597.

21. *See* note 1 *supra.*

**604**

Mr. Henry J. Karison, Washington, D. C., (appointed by this Court) was on the brief, for appellant.

Messrs. Thomas A. Flannery, U. S. Atty., and John A. Terry, Robert A. Shuker, and Philip L. Cohan, Asst. U. S. Attys., were on the brief, for appellee.

Before LEVENTHAL and ROBINSON, Circuit Judges, and SMITH,*

Chief Judge, U. S. District Court for the District of Montana, in Chambers.

LEVENTHAL, Circuit Judge:

This is an appeal from a judgment, following conviction for robbery, sentencing appellant to ten years under the Federal Youth Corrections Act. We affirm.

■ ■ There was ample identification by the victim, including testimony of identification at a lineup, supplemented by a photograph of the lineup. There was also evidence that prior to the lineup the victim unhesitatingly selected appellant's photograph out of a group of seven photographs shown to her. Since this was an ordinary snapshot and had no markings to suggest prior criminal behavior it is not subject to condemnation under the rule of Barnes v. United States, 124 U.S.App.D.C. 318, 365 F.2d 509 (1966), banning the use of "mug-shots." A juryman might well conjecture that there must have been prior suspicion of the defendant, else why would the police have his photograph. But we cannot push sound principles to untenable extremes.

■ If there has been basic fairness of approach, the prosecution is entitled to present evidence of pretrial identification, as being more meaningful to the jury than the more ritualized in-court identification. Clemons v. United States, 133 U.S.App.D.C. 27, 40, 408 F. 2d 1230, 1243 (1968), cert. denied, 394 U.S. 964, 89 S.Ct. 1318, 22 L.Ed.2d 567 (1969).

■ ■ The interest of justice includes approval of police techniques, even though they involve possibility of prejudice to the suspect, where the overall balance lies in the furtherance of fair pre-trial identifications. Russell v. United States, 133 U.S.App.D.C. 77, 408 F.2d 1280, cert. denied, 395 U.S. 928, 89 S.Ct. 1786, 23 L.Ed.2d 245 (1969); Wise v. United States, 127 U.S.App.D.C. 279, 383 F.2d 206 (1967), cert. denied,

* Sitting by designation pursuant to 28 U.S.C. § 292(c) (1964).

390 U.S. 964, 88 S.Ct. 1069, 19 L.Ed.2d 1164 (1968). The importance that a jury know of the reality of a fair pre-trial identification weighs with more substance in the scales of justice than speculative possibility that the jury may conjecture defendant was involved in some other offense.

Appellant also contends the trial court erred in declining to permit the introduction of evidence that appellant had been mistakenly arrested in another robbery case. That kind of evidence is material, *e. g.*, when it tends to show that someone similar in appearance to defendant was perpetrating criminal activity similar to the charges at trial. Holt v. United States, 342 F.2d 163 (5th Cir. 1965); Commonwealth v. Murphy, 282 Mass. 593, 185 N.E. 486 (1933). Appellant's trial counsel did not bring out any relationship between the two charges (other than that they were both for robbery), did not *e. g.*, proffer that there was any similarity between the two offenses in terms of modus operandi, *cf.* Drew v. United States, 118 U.S. App.D.C. 11, 331 F.2d 85 (1964). The trial judge ruled that the release of defendant for another charge was a collateral matter. We see no abuse of discretion in excluding the evidence.

Affirmed.