Joseph F. HEDGEMAN a/k/a Joseph F. Hedgman, Appellant,

v.

UNITED STATES, Appellee.

No. 9497.

District of Columbia Court of Appeals.

Submitted Nov. 18, 1975.

Decided Feb. 27, 1976.

Alan B. Soschin, Washington, D.C., appointed by this court, with whom Clifford P. Brown, Washington, D.C., was on the brief for appellant.

Earl J. Silbert, U. S. Atty., and John A. Terry, James F. McMullin, Joseph B. Valder and Gerard F. Treanor, Jr., Asst. U. S. Attys., Washington, D.C., were on the brief for appellee.

Before KERN, YEAGLEY and MACK, Associate Judges.

PER CURIAM:

Appellant was convicted in the Superior Court of assault with a dangerous weapon (D.C.Code 1973, § 22–502) and carrying a pistol without a license (D.C.Code 1973, § 22–3204), charges which arose out of a shooting incident at a poolroom in which the complaining witness suffered a neck wound. Appellant contended at trial that the shooting was accidental.

The sole issue on appeal is the trial court's quashing of a subpeona issued to an Assistant United States Attorney whom appellant attempted to call as a character witness. Appellant argued that since the government was challenging the accuracy of his version of the shooting he was entitled to prove before the jury that the government, one week earlier, had vouched for appellant's credibility by calling him as a witness in a criminal case prosecuted by

the assistant. Upon the court's expression of dissatisfaction with that theory, appellant asked that the assistant be allowed to testify whether appellant's testimony in the other trial had proven accurate. The court declared the evidence irrelevant and dismissed the witness.

■ Appellant contends erroneously that he was denied the opportunity to present relevant character evidence. Character may be proven only by a showing of appellant's general reputation in the community for the trait to be demonstrated. *Michelson v. United States,* 335 U.S. 469, 477, 69 S.Ct. 213, 93 L.Ed. 168 (1948); *Ridgell v. United States,* D.C.Mun.App., 54 A.2d 679, 684 (1947); *Lomax v. United States,* 37 App.D.C. 414, 418 (1911). A witness may not testify to specific incidents to establish the trait defendant seeks to prove, nor may he offer his own opinion of the defendant's character. *Michelson v. United States, supra* 335 U.S. at 477, 69 S.Ct. 213; *United States v. Bishton,* 150 U.S.App.D.C. 51, 57, 463 F.2d 887, 893 (1972); *cf. Lomax v. United States, supra* 37 App.D.C. at 418. Appellant's attempt to prove his veracity by specific example, *i. e.,* the prosecution's reliance on his testimony in another case, was properly rejected and the subpoena properly quashed. The thrust of appellant's proffer was to bring before the jury the good opinion the assistant seemed to hold regarding his testimony in an earlier trial. This was im-

permissible, as demonstrated by the foregoing authorities.

■ Appellant argues that the assistant may have discovered appellant's reputation in the community for veracity during the course of his investigation and that the court should have entertained testimony to determine whether he had come to possess such knowledge. Appellant did not raise this claim below but requested only that the assistant be allowed to testify concerning the defendant's performance as a witness in the case tried by the assistant. We are unaware of any authority which would require a court, *sua sponte,* to enter upon an investigation of alternative circumstances in which proffered testimony might be admitted when the ground asserted for its admission has been properly rejected, the party seeking to introduce the testimony has asserted no other ground for its admission, and there is no readily apparent basis on which the testimony could be received. Accordingly, we conclude that the trial court's failure to determine whether the assistant was aware of the community's estimate of the defendant's credibility was not error, let alone a plain error which would allow the exercise of this court's discretionary power[1] to consider a contention not raised in the trial court.

Accordingly, the judgment of conviction is

*Affirmed.*

1. *Hill v. United States,* D.C.App., 280 A.2d 925 (1971); *Bunter v. United States,* D.C. App., 245 A.2d 839 (1968).