**Larry R. WILSON a/k/a Willie J. Sutton and Larry Sutton, Appellant,**

**v.**

**UNITED STATES, Appellee.**

**No. 8859.**

District of Columbia Court of Appeals.

Argued Dec. 4, 1975.

Decided May 19, 1976.

David J. Ontell, Washington, D. C., appointed by this court, for appellant.

Michael H. Gertner, Asst. U. S. Atty., Washington, D. C., with whom Earl J. Silbert, U. S. Atty., John A. Terry and Stuart M. Gerson, Asst. U. S. Attys., Washington, D. C., were on the brief, for appellee. Richard S. Vermeire, Asst. U. S. Atty., Washington, D. C., also entered an appearance for appellee.

Before NEBEKER, YEAGLEY and MACK, Associate Judges.

YEAGLEY, Associate Judge.

Appellant was tried and convicted of first-degree burglary (D.C.Code 1973, § 22–1801), robbery (D.C.Code 1973, § 22–2901), unauthorized use of a motor vehicle (D.C.Code 1973, § 22–2204) and two counts of grand larceny (D.C.Code 1973, § 22–2704). We affirm.

The prosecution's case was that appellant and an unidentified man had on October 6, 1973, entered the apartment of Lawrence Theus as visitors but had subsequently forcibly subdued Theus and absconded with his stereo, television, wallet and car keys. On reaching the street after leaving the apartment, the assailants took Theus' automobile.

Appellant's defense was that he too was a victim of the unidentified gunmen. He testified that at the time of the robbery he had been living in an apartment within the same building and that on the evening of October 6 he had been visited by Theus and invited upstairs to smoke marijuana. Some two hours after arriving at Theus' apartment, he and Theus heard a knock at the door. When the door was opened, the gunmen entered and proceeded to rob and tie both men, forcing appellant into a living room closet. Appellant freed himself some twenty-five minutes later. He left the apartment without pausing to look for Theus and did not report the crime for fear of being associated with Theus' narcotics activities.

Appellant raises a number of issues for review. Of these, we find three warrant brief discussion: (1) whether the trial court's use of the word "innocence" instead of "not guilty" in its statement to the jury that they could return a verdict of "guilt or innocence" on the burglary count of the eight-count indictment constituted "plain error"; (2) whether the court properly allowed proof of Theus' pretrial photographic identification of the appellant; and (3) whether the court's failure to issue a limiting instruction sua sponte during the presentation of the government's rebuttal testimony constituted "plain error".[1]

The argument first raised concerns a supplemental instruction. The jury was fully instructed at the conclusion of the trial. The court correctly advised the jury of the elements of each offense, of the presumption of innocence to which the appellant was entitled, and of the burden on the government to prove each element of the offense beyond a reasonable doubt. Some ninety minutes after retiring to their deliberations, the jury sent a note to the court asking for a list of the eight counts of the indictment. Appellant's counsel was asked whether he had any suggestions to offer concerning the court's reply to the jury. He requested that the court list the charges without further instruction. Without replying to counsel's request, the court ordered that the jury return to the courtroom but as the hour was late, the proceeding was adjourned until the following morning.

Upon reconvening the court submitted a list of the charges to the jury. The court addressed the options available to the jury in considering the related offenses of bur-

---

1. Appellant also argues (1) that the court unfairly emphasized the government's case in its instructions to the jury and (2) that his counsel was not provided ample opportunity to utilize the jury list prior to selection of the jury. The record fails to support either contention.

glary and armed burglary. It advised: "But on the other hand if you find that the government has failed to carry its burden [on the armed burglary count], you may go to the lesser offense and then you can return a verdict of 'guilt or innocence' on burglary." Appellant did not renew his request that the court submit the list without additional comment during the supplemental remarks, but now argues that the use of "guilt or innocence" for "guilty or not guilty" in reference to the verdict the jury could return constituted "plain error".

■ Appellant's request that the trial court submit the list of charges to the jury without comment was insufficient to constitute a proper objection within the meaning of Super.Ct.Cr.R. 30 to the specific content of the supplemental instruction which followed the rejection of the request. *See United States v. Howard,* 139 U.S.App. D.C. 347, 433 F.2d 505 (1970); *Caldwell v. United States,* 95 U.S.App.D.C. 35, 218 F.2d 370 (1954), *cert. denied,* 349 U.S. 930, 75 S.Ct. 773, 99 L.Ed. 1260 (1955); *United States v. Lawson,* 507 F.2d 433 (7th Cir. 1974), *cert. denied,* 420 U.S. 1004, 95 S.Ct. 1446, 43 L.Ed.2d 762 (1975).

■ Whatever prejudice might have followed from the use of "innocence" for "not guilty" was overcome by the trial court's previous unequivocal explanation of the manner in which the jury was to reach a decision either favorable or unfavorable to the appellant. In addition, the court advised the jury within the same portion of the supplemental instruction now challenged:

Now burglary is a lesser included offense of armed burglary. Of course you must consider the evidence in the case in reaching a decision as to guilt or innocence of the defendant, and if you find that the Government has not carried its burden in any of these cases, you, of course, have to find the defendant *not guilty,* and the burden being proof of each and every element beyond a reasonable doubt. . . . [Emphasis added.]

The portion of the charge challenged by the appellant could have been more carefully phrased but, upon application of the settled principle that instructions to the jury are to be considered in their entirety,[2] we are unable to conclude that the use of "innocence" for "not guilty" in reference to the verdict the jury could return on the burglary count created such clear prejudice to appellant's substantial rights as to allow notice of an error not raised in the trial court. *See Hedgeman v. United States,* D.C.App., 352 A.2d 926 (1976); *Wooten v. United States,* D.C.App., 285 A.2d 308 (1971); *Bunter v. United States,* D.C.App., 245 A.2d 839 (1968).

■ Next raised is whether the trial court properly allowed proof of Theus' pretrial photographic identification of the appellant. Following the robbery, the police presented Theus with a series of five or six photographs from which he selected the appellant. Theus was permitted to view the same photographs at trial for purposes of testifying that it was the same series from which he had selected appellant's snapshot. The photographs, however, were not admitted into evidence, were not seen by the jury insofar as the record indicates,[3] and were not referred to as

2. *Evans v. United States,* D.C.App., 299 A.2d 136, 140 (1973); *Brown v. United States,* D.C.App., 261 A.2d 834, 836 (1970).

3. When the prosecution handed the photographs to Theus, he asked Theus not to display the photographs to the jury. Despite the admonition, Theus momentarily held appellant's photograph aloft. Appellant's counsel moved for a mistrial and asked that the record reflect that the photograph was displayed to the jury. The court denied the request for a mistrial but stated for the record that the "witness had held the photo up which *may* have been displayed but it was just momentarily, and over . . . objection." (Emphasis added.) Appellant's counsel did not request an instruction or request

"mug shots" such as would raise a possible conflict with the local federal circuit court's decision in *Barnes v. United States,* 124 U.S.App.D.C. 318, 365 F.2d 509 (1966). Appellant argues nonetheless that the testimonial references to the photographs unfairly prejudiced him by suggesting a history of prior difficulty with the law. The same argument was raised and rejected in *United States v. Hallman,* 142 U.S.App. D.C. 93, 439 F.2d 603 (1971). The court said there:

> A juryman might well conjecture that there must have been prior suspicion of the defendant, else why would the police have his photograph. But we cannot push sound principles to untenable extremes.

> If there has been basic fairness of approach, the prosecution is entitled to present evidence of pretrial identification, as being more meaningful to the jury than the more ritualized in-court identification. *Clemons v. United States,* 133 U.S. App.D.C. 27, 40, 408 F.2d 1230, 1243 (1968), cert. denied, 394 U.S. 964, 89 S.Ct. 1318, 22 L.Ed.2d 567 (1969). . . .

> . . . The importance that a jury know of the reality of a fair pretrial identification weighs with more substance in the scales of justice than speculative possibility that the jury may conjecture defendant was involved in some other offense. [*Id.* at 94–95, 439 F.2d at 604–05.]

As in *Hallman,* we find no error committed in allowing the government to prove the pretrial identification. Theus' testimony concerning the photographs was somewhat cumulative since he had testified earlier to seeing the appellant on numerous occasions prior to the robbery. We conclude that by admitting the testimony the court did not err.[4]

■ Last raised is whether it was plain error for the court to fail to give limiting instructions sua sponte on the admission of certain evidentiary items. Appellant first cites hearsay testimony which was admitted without objection. The hearsay testimony cited by the appellant was not offered for a limited purpose such as would have potentially required a cautionary instruction but was directly material to the prosecution's proof of the various offenses with which the appellant was accused.[5] Once admitted, it could properly be accorded the full weight of all other material testimony. *Bullock v. United States,* D.C.App., 243 A. 2d 677 (1968); *United States v. Harris,* 141 U.S.App.D.C. 253, 437 F.2d 686 (1970).

Appellant also cites a brief exchange with the prosecutor concerning the Bail Agency report. Appellant testified that he was employed when he was arrested six months after the robbery. On cross-examination, the prosecutor unsuccessfully attempted, for purposes of impeachment, to adduce proof that appellant had told the Bail Agency he was unemployed at the time of his arrest:

> (Prosecutor): So you were working at the time you were arrested?

> (Appellant): Right, of course I was.

> (Prosecutor): Didn't you tell the Bail Agency you were unemployed at the time you were arrested?

> (Appellant): No, I did not.

Appellant's counsel objected at this point to the use of the report for impeachment

---

that the members of the jury be asked whether they had seen the photograph. The record, as we note, does not reflect whether the photograph was a "mug shot" or an unmarked snapshot.

4. *United States v. Fisher,* 455 F.2d 1101, 1104 (2d Cir. 1972).

5. The hearsay testimony related to the government's attempt to disprove appellant's account of the incidents which occurred on the night of the robbery. Specifically, two police officers testified that Theus had told them that the appellant was no longer a resident of the building at the time the robbery was committed.

purposes. Following a bench conference, the prosecutor agreed to make no further reference to it.

Appellant attempts to bring the bail report exchange within the holding of *Lofty v. United States,* D.C.App., 277 A.2d 99 (1971), where we ruled the failure of the trial court in that case to issue a limiting instruction sua sponte after the prosecution impeached its own witness by a prior inconsistent statement was "plain error". Despite the prosecutor's attempt, no impeaching evidence was actually introduced in the exchange concerning the bail report. A cautionary instruction was consequently not required.

We find the arguments discussed above and the additional arguments raised in appellant's brief to be without merits. The judgment of conviction is accordingly

*Affirmed.*