Joseph L. BROWN, Appellant,

v.

UNITED STATES, Appellee.

No. 11071.

District of Columbia Court of Appeals.

Argued Sept. 29, 1977.

Decided May 26, 1978.

---

Roy Nerenberg, Washington, D. C., appointed by this court, for appellant.

Neil I. Levy, Asst. U. S. Atty., Washington, D. C., with whom Earl J. Silbert, U. S. Atty., John A. Terry, William D. Pease and Theodore A. Shmanda, Asst. U. S. Attys., Washington, D. C., were on the brief for appellee.

Before KERN, HARRIS and FERREN, Associate Judges.

KERN, Associate Judge:

Appellant, following a jury trial, was found guilty of armed robbery, D.C.Code 1973, §§ 22-2901, -3202, and carrying a pistol without a license, D.C.Code 1973, § 22-3204. On appeal, appellant contends that oral references to "photographs" made by the prosecutor in his opening statement at trial and elicited from a Police Department detective by the prosecutor on direct examination improperly "telegraphed" his criminal record to the jury to his considerable prejudice in the instant case. Appellant also asserts that a reference made by a second Metropolitan Police Department detective during direct examination to the effect that appellant was in "custody" for another offense implied to the jury that he had a prior arrest or conviction. Since these references to police photographs and incarceration were not objected to by defense counsel at trial and do not in our view constitute plain error, we affirm.

On July 1, 1975, Hattie Staton was robbed at gunpoint while taking a shortcut

through a wooded area near her home. Mrs. Staton, although able to describe the race, sex, age, height and clothing of her assailant, *was unable to describe his facial features.* At no time during the subsequent investigation was Mrs. Staton able to identify her assailant from arrays of photographs shown by the police. However, appellant was unequivocally identified as the armed robber by two bystanders: one who testified he witnessed the crime and another who testified he pursued appellant after the robbery. No evidence was presented on behalf of the defense.

Ordinarily, a defendant's criminal record or prior involvement with the police is inadmissible if the defendant does not take the stand or otherwise place his character in issue. *Williams v. United States,* D.C.App., 382 A.2d 1, 6 n.9 (1978); *Barnes v. United States,* 124 U.S.App.D.C. 318, 365 F.2d 509 (1966). This is true whether the evidence of his prior criminal activity is direct or indirect. *Smith v. Rhay,* 419 F.2d 160 (9th Cir. 1969). Nevertheless, when the introduction of such evidence is probative and therefore has a valid purpose, e. g., police photographs used by a witness before trial to make an identification of a defendant, the fact that testimony concerning such identification connotes a criminal past on defendant's part is not *necessarily* a bar to its admission even though the defendant does not take the stand or otherwise place his character in issue. *Wilson v. United States,* D.C.App., 357 A.2d 861 (1976); *United States v. Harrington,* 490 F.2d 487 (2d Cir. 1973). In effect, such pretrial photographic identifications are admissible in evidence if the trial court concludes that their probative value, *viz.,* corroboration of the accuracy of the witness' identification of the defendant in court, outweighs their possible prejudicial effect, *viz.,* alerting the jury that defendant's photo is on file with the police and hence he has prior criminal involvement.

In *Wilson v. United States, supra* at 864, this court recognized that proof of a pretrial photograph identification of the defendant by the victim may be admissible on the issue of identification and that, if fairly conducted, it may be more meaningful to the jury than the more ritualized in-court identification by the complainant. We agree with the federal circuit court here that:

> [t]he importance that a jury know of the reality of a fair pretrial identification weighs with more substance in the scales of justice than speculative possibility that the jury may conjecture defendant was involved in some offense. [*United States v. Hallman,* 142 U.S.App.D.C. 93, 95, 439 F.2d 603, 605 (1971).]

In this case, unlike *Wilson v. United States, supra* at 863, the complaining witness was from the outset unable to identify her assailant by his facial features and also was unable to select a photo of appellant from the array shown to her before trial. The government was aware of these facts as the trial commenced. The prosecutor proceeded not only to elicit from the complainant that she could not make an identification but also (1) brought out in his examination of the detective in charge of the case that complainant had been shown of an array of photographs including that of appellant, and (2) announced in his opening statement, that complainant had looked at photographs, which included one of appellant. Under the circumstances of this case, these particular references to "photographs" had slight if any probative value and were outweighed by the prejudice to the defendant in conveying to the jury the impression that he had a criminal record. In sum, these references to defendant's photograph were error, although the prosecution tactic of introducing in its own case the fact of the complainant's inability to identify was not objectionable.[1] *See Kitt v. Unit-*

1. The government asserts that it elected, as a tactical matter, to disclose in its case-in-chief the failure of the complainant to identify appellant by face in order to reduce the usefulness of that fact to the defense during trial. The se- quence of events portrayed by the record, how- ever, raises some doubt about that assertion; by the time Detective Bittenbender testified about this failure on the part of complainant to identify appellant from the photos, the com-

ed States, D.C.App., 379 A.2d 973 (1977). However, no objections were made to these references. Indeed, defense counsel made no objection to the testimony indicating that appellant was already in custody for another offense.[2] If no objection is made to the admission of evidence, this court will not reverse unless it finds "plain error" which has been defined to require a probability of a miscarriage of justice. *Lloyd v. United States*, D.C.App., 333 A.2d 387, 391 (1975); *Adams v. United States*, D.C.App., 302 A.2d 232, 234 (1973). We are not able to conclude that a few references to "photographs" scattered through the record[3] and a single ambiguous allusion to the appellant being in "custody" could have so affected appellant's substantial rights as to cause a probable miscarriage of justice in light of the evidence produced by the government in this case. The eyewitness to the robbery knew the appellant, knew his name, and recognized his voice. The second witness who testified that appellant was the assailant also knew him by name. The crime occurred in close proximity to appellant's home, which was also the area to which the assailant fled following the robbery.

In the face of strong and persuasive evidence of guilt, we conclude that the testimonial references to "photographs" and "custody" did not rise to the level of "plain error." *See United States v. Scott*, 494 F.2d 298, 301 (7th Cir. 1974) (introduction into evidence and use by the jury, without objection, of a police photograph was harmless beyond a reasonable doubt due to overwhelming evidence of guilt); *Tapia v. Rodriguez*, 446 F.2d 410, 414 (10th Cir. 1971) (repeated testimonial references to mug shots without objection did not constitute plain error); *United States v. Schwartz*, 398 F.2d 464, 470 (7th Cir. 1968), *cert. denied*, 393 U.S. 1062, 89 S.Ct. 714, 21 L.Ed.2d 705 (1969) (F.B.I. agent's single reference to police numbers on the defendant's photographs would not justify granting a mistrial); *see also Shuman v. United States*, D.C.App., 243 A.2d 900 (1968) (witness' reference to detective showing appellant's photo to him not reversible error even though identity not in issue; prejudice not significant and cautionary instruction given); *United States v. Robinson*, 406 F.2d 64 (7th Cir.), *cert. denied*, 395 U.S. 926, 89 S.Ct. 1783, 23 L.Ed.2d 243 (1969) (prosecutor's opening statement's reference to mug shots did not require reversal when followed by a cautionary instruction).

*Affirmed.*

HARRIS, J., concurs in the result.

---

plainant had already testified and had been cross-examined with respect to her failure to make identification.

That the government arguably was under a duty to provide defense counsel with the information concerning complainant's failure to select appellant's photo from the array shown her *prior to* trial, *United States v. Agurs*, 427 U.S. 97, 96 S.Ct. 2392, 49 L.Ed.2d 342 (1976), does not justify the prosecutor spreading such information before the jury in this manner during trial when its probative value was virtually nil.

2. The reference to incarceration made by the police detective did not indicate expressly whether appellant was "in custody" for the robbery of Mrs. Staton or for another offense. This information was later supplied by the detective in response to defense counsel's questioning during cross-examination.

3. No photographs were introduced into evidence.