Terry R. BUNDY, Appellant,

v.

UNITED STATES, Appellee.

No. 79–468.

District of Columbia Court of Appeals.

Argued Sept. 9, 1980.

Decided Oct. 17, 1980.

Donald W. Whitehead, Washington, D.C., appointed by the court, with whom Edward N. Leavy, Washington, D.C., was on the brief, for appellant.

Richard C. Bicki, Asst. U. S. Atty., Washington, D.C., with whom Charles F. C. Ruff, U. S. Atty., John A. Terry and John R. Fisher, Asst. U. S. Attys., Washington, D.C., were on the brief, for appellee.

Before KELLY, NEBEKER and MACK, Associate Judges.

MACK, Associate Judge:

Following a jury trial, appellant was convicted of armed robbery, D.C.Code 1973, §§ 22–2901, –3202, assault with a dangerous weapon, D.C.Code 1973, § 22–502, and carrying a concealed weapon, D.C.Code 1973, § 22–3204. On appeal, appellant contends inter alia,[1] that the trial court committed reversible error by admitting into evidence, in violation of Super.Ct.Cr.R. 12.-1(f), testimony of a prior withdrawn alibi defense. Although we agree with appellant that admission of the prior alibi defense was error, our review of the record leads us to conclude that the defect did not rise to the level of plain error. Accordingly, we affirm the judgment of conviction.

The pertinent facts are as follows. At approximately 9:00 a. m. on the morning of June 5, 1977, Byron Lindsey, an employee of the Gino's Restaurant at 1448 Pennsylvania Avenue, S.E., was working in the parking lot of that establishment preparing for the 11:00 a. m. opening of business, when he observed appellant at a nearby bus stop. After appellant failed to board any of the several buses that passed, he approached Mr. Lindsey and inquired about a job. Lindsey advised appellant to direct his inquiry to the manager, Antoine Perry, who, at that time was not on the premises. Mr. Perry arrived shortly thereafter and appellant confirmed his identity with Lindsey. After Lindsey completed his parking lot duties, appellant grabbed him by the arm,

told him that "This is a stick up . . .", pointed a gun at his ribs and ordered him to gain entry into the rear of the restaurant. Lindsey rang the rear door bell while appellant stood out of view. When Mr. Perry opened the door, appellant entered, pushing Lindsey ahead of him, put the gun in Perry's back, and ordered him to open the safe of the establishment. Perry opened the safe and placed approximately $200 in a brown paper bag supplied by appellant. Appellant then fled and the police were notified and provided with a description of him.

One week later, on June 12, 1977, Police Officer Steven M. Smith observed appellant sitting on a brown paper bag at the same bus stop near Gino's Restaurant. Once again, appellant failed to board several buses that passed. Recalling the Gino's robbery and the description of the robber, Officer Smith attempted to question appellant. Appellant, however, had started to walk away from the bus stop, and he ignored Officer Smith's inquiries. Smith then exited his patrol car and confronted appellant. Appellant put his hand to his waistband while backing up in a nervous and fidgety manner. Officer Smith ordered appellant to remove his hand from his waist, conducted a pat–down search, and discovered a butcher knife in appellant's waistband. Appellant was then arrested. Lindsey and Perry identified appellant's picture from a photographic array and subsequently identified him in a police lineup.

In response to the prosecution's demand for written proffer of an alibi defense, defense counsel, Alan Bayles, on February 11, 1978, tendered a handwritten note listing appellant's cousin, Keith Bundy, as a possible alibi witness. Mr. Bayles orally notified the prosecution that the defense would be that appellant was in the company of Keith Bundy, in the District of Columbia on the day of the crime. However, at the end of

---

1. Appellant also contends that he was denied a fair trial due to the prosecutor's tactic of "intimidating" defense counsel during trial and that the trial court erred by not allowing appellant to testify regarding an unrelated criminal offense. After reviewing the record, we hold that these contentions are meritless.

February, Mr. Bayles informed the government that appellant no longer intended to call his cousin as an alibi witness, and he conveyed the impression that appellant would present no alibi defense.

At trial, commencing on June 23, 1978, appellant, now represented by Harvey Smith, testified that on the day of the crime, he was with a since–deceased friend, Janice Perry, visiting the campus of her college, Virginia Union College, Richmond, Virginia. The prosecution asked for a side bar conference and there requested that the alibi be stricken from the record due to appellant's failure to give prior notification to the government in accordance with the Superior Court Rules of Criminal Procedure. A ruling on this request was postponed and, at the conclusion of appellant's testimony on direct examination, the court, after another conference with counsel, ordered a continuance to allow the government time to investigate appellant's new alibi. On the following day, another conference was held at which time defense counsel asserted, in effect, the attorney–client privilege in an attempt to preclude the government from calling Mr. Bayles as a witness for impeachment purposes. The objection was denied as premature, and the government was granted an additional day to pursue its investigation.[2]

When trial resumed, the prosecution cross–examined appellant concerning his prior alibi defense. No defense objection was raised, and appellant proceeded to testify that no previous alibi existed and that he intended to call his cousin merely as a character witness. The prosecution, over the objection[3] of defense counsel, then called Alan Bayles to the stand. Mr. Bayles testified that he disclosed to the prosecution in early February, 1978, appellant's alibi defense involving his cousin, but that in the latter part of that month he gave notice that appellant no longer intended to call Keith Bundy as an alibi witness.

On appeal, appellant contends[4] that the prosecution's cross–examination of him and direct examination of his former counsel concerning the subject of a previously withdrawn alibi defense violated Super.Ct.Cr.R. 12.1(f), and constituted reversible error. Rule 12.1(f) provides that:

*Inadmissibility of Withdrawn Alibi.* Evidence of an intention to rely upon an alibi defense, later withdrawn or of statements made in connection with such intention, is not admissible in any civil or criminal proceeding against the person who gave notice of the intention.

The line of questioning pursued by the prosecution clearly violated Rule 12.1(f) and therefore constituted error. However, because appellant did not object on the basis of this rule at trial, our review is limited to the question whether the error committed rose to the level of plain error. *See Brown v. United States*, D.C.App., 387 A.2d 728 (1978); *Watts v. United States*, D.C. App., 362 A.2d 706 (1976) (en banc). Under the plain error standard, the error com-

---

**2.** After interviewing the family of the deceased Ms. Perry, the government concluded that it would be inappropriate to subpoena them to testify in light of the ordeal they had recently experienced in burying Ms. Perry and in participating in the trial of her murderer.

**3.** The objection lodged by counsel was based on the grounds previously raised during conference, *i. e.*, that the attorney–client privilege precluded the admission of Mr. Bayles' testimony.

**4.** Appellant also contends that the attorney–client privilege precludes the admission of evidence of his conversations with Mr. Bayles regarding an alibi defense. We hold that the communications in question were not privileged. The privilege which attaches to a confi-

dential communication between attorney and client is waived when the substance of that communication is related to a nonprivileged party. *See, e. g., Gale v. United States*, D.C. App., 391 A.2d 230 (1978), *cert. denied*, 439 U.S. 1133, 99 S.Ct. 1057, 59 L.Ed.2d 96 (1979). In the instant case, when the substance of appellant's prior alibi defense was disclosed to the prosecution by appellant's attorney, that information became public knowledge and was not subject to assertion of the attorney–client privilege. *See, e. g., Underwater Storage, Inc. v. United States Rubber Co.*, 314 F.Supp. 546 (D.D.C.1970) (material disclosed to adverse party via discovery proceedings thereby became part of the public domain and was no longer subject to the attorney–client privilege).

plained of must be so clearly prejudicial to substantial rights as to jeopardize the very fairness and integrity of the trial. *Watts v. United States, supra.* In this endeavor, we look to all the circumstances of the case to determine whether there is a probability that there has been a miscarriage of justice. *Lloyd v. United States*, D.C.App., 333 A.2d 387 (1975). After reviewing the record in the instant case, we conclude that admission of the challenged evidence did not constitute plain error requiring reversal.

■ At trial, the government produced substantial evidence strongly indicating appellant's guilt of the crimes charged. Byron Lindsey and Antoine Perry, the victimized employees of Gino's Restaurant, testified that appellant was the individual who threatened them at gunpoint. The two employees had the opportunity to get a good view of appellant during the robbery, and consequently, they identified him, without hesitation, both from a photographic array and from a police lineup. Additionally, the circumstances of appellant's arrest lend themselves to a finding of guilt: appellant was observed at the same bus stop from which he initiated his criminal activity the week before; he again carried an empty brown paper bag and he exhibited the same preliminary behavioral pattern of letting numerous buses pass him by; he attempted to avoid Officer Smith; and he was armed at the time of arrest. Although he testified that on the date of the robbery he was with Janice Perry touring her college campus and meeting her friends, appellant presented no evidence to corroborate this account and, indeed, he testified that he made no attempt to contact the people to whom he was allegedly introduced on the date of the robbery. Thus, we conclude that, quite apart from the testimony that appellant previously intended to present a different alibi defense, the government's evidence was so compelling as to justify a finding of guilt. While we strongly caution against the use of any evidence in violation of Rule 12.1(f), we hold that the error in the circumstances of this case was not so clearly prejudicial as to jeopardize the very fairness and

integrity of trial. Finding no plain error, we affirm the convictions.

*Affirmed.*