**Homer John BLAKELEY**

v.

**UNITED STATES of America.**

**No. 16694.**

United States Court of Appeals. Fifth Circuit.

Nov. 6, 1957.

---

Virgil H. Shepard, Macon, Ga., James R. Venable and Al Jennings, Atlanta, Ga., for appellant.

Joseph H. Davis, Asst. U. S. Atty., Robert B. Thompson, Asst. U. S. Atty., Frank O. Evans, U. S. Atty., Macon, Ga., for appellee.

Before HUTCHESON, Chief Judge, and TUTTLE and WISDOM, Circuit Judges.

PER CURIAM.

This appeal from a conviction based on a verdict of guilty by a jury presents little but a factual question. Appellant was convicted in a two-count indictment of violation of the provisions of 18 U.S. C.A. § 13. This section makes a federal crime out of acts that violate state penal statutes if committed on federal reservations. The specific charges were that appellant possessed burglary tools at Fort Benning, Georgia, and that he burglarized the Army Post Exchange on that military post.

Countering appellant's contention that although in the vicinity of the crime, he was either too drunk or too drugged to have participated in it, the government proved that he was found on the roof of the Post Exchange building some twenty minutes after a burglar alarm had alerted the police that two coats or jackets were found in the vicinity of the safe which had been blown open, that there was an excessively large number of soft drink empty bottles at the site of the robbery and that particles found on the shoes of appellant were identical with the particular white substance that was removed from the safe itself. We think it clear that the evidence supported the verdict.

The other contention relating to the admission of testimony by a government witness to the effect that defense witness McLendon had stated that appellant was implicated is not well taken because this testimony was proper to impeach the testimony of McLendon, and was stated by the court to be admissible for that purpose only. It was not error for the trial court to fail to instruct the jury to this effect in addition to his having made the statement at the time this evidence was admitted. Moreover appellant made no request for a charge to this effect and made no objection to the charge as given.

The judgment must be affirmed.