**UNITED STATES of America,
Appellee,**

v.

**James BALLENTINE, Appellant.**

**No. 476, Docket 33162.**

United States Court of Appeals
Second Circuit.

Argued April 9, 1969.

Decided April 30, 1969.

Phylis Skloot Bamberger, New York City (Milton Adler, New York City), for appellant.

Ross Sandler, Asst. U. S. Atty. (Robert M. Morgenthau, U. S. Atty. for the Southern District of New York, Charles P. Sifton, Asst. U. S. Atty., of counsel), for appellee.

Before KAUFMAN, HAYS and FEINBERG, Circuit Judges.

HAYS, Circuit Judge:

Appellant and a codefendant, Floyd Heyward, were indicted for violating the federal narcotics laws, 21 U.S.C. §§ 173 and 174 (1964). Heyward pleaded guilty before trial; appellant pleaded not guilty and was tried before a jury which returned a verdict of guilty. Appellant was sentenced as a second felony offender to a 10-year term of imprisonment. He appeals from the judgment of conviction. We affirm.

After the government had completed the presentation of its direct case, appellant called as his only witness the codefendant, Heyward. Heyward testified concerning the circumstances of the commission of the crime and of his arrest and admitted his guilt, but entirely exculpated appellant. On cross-examination the government questioned Heyward about a statement he had made to an Assistant United States Attorney after his arrest, in which he had inculpated appellant, naming him as the source of the narcotics illegally in Heyward's possession when he was arrested. Heyward admitted to having made a statement to the Assistant but denied having named appellant as the source of the narcotics, asserting that the inculpatory statement had been made by the Assistant and wrongly attributed to him.

In rebuttal the government called as a witness the Assistant United States At-

torney to whom Heyward had given the statement. The Assistant testified that he remembered having interviewed Heyward and that Heyward had told him that he had obtained the narcotics from appellant. The question-and-answer sheet on which the Assistant had recorded Heyward's statement, but which Heyward had not signed, was then admitted into evidence over the objection of appellant's counsel.

Appellant's initial contention is that the government's use of Heyward's out-of-court statement violated appellant's Sixth Amendment right to confront the witnesses against him and his Fourteenth Amendment right to a fair trial. He argues that Bruton v. United States, 391 U.S. 123, 88 S.Ct. 1620, 20 L.Ed.2d 476 (1968), and Roberts v. Russell, 392 U.S. 293, 88 S.Ct. 1921, 20 L.Ed.2d 1100 (1968), prohibit any use by the prosecution of a codefendant's out-of-court statement inculpating the defendant unless the codefendant can be cross-examined by the defendant. In *Bruton* the Court reversed the conviction of a defendant where the trial court had admitted the incriminating out-of-court confession of a codefendant who did not take the stand and who was thus not available for examination.

■ This case is significantly different. The right of confrontation was satisfied when Heyward appeared as a witness and was examined by appellant's counsel.[1]

Douglas v. Alabama, 380 U.S. 415, 85 S.Ct. 1074, 13 L.Ed.2d 934 (1965), is not apposite. There the trial court admitted the incriminating out-of-court statement of a codefendant who took the stand, but the codefendant invoked the privilege against self-incrimination and refused to testify about the crime or the alleged confession. In the present case

---

1. While it is true that Pointer v. Texas, 380 U.S. 400, 405, 85 S.Ct. 1065, 13 L.Ed. 2d 923 (1965), speaks of the right to

cross-examine, the witness there was not available for *any* examination.

Heyward submitted to examination concerning the crime, and denied having incriminated appellant in his out-of-court statement.

 If appellant had not called Heyward as his witness the inculpatory out-of-court statement would not have been admissible. Bruton v. United States, *supra*. Having called him, he cannot now object to the use of his confession for the purpose of impeachment.[2] "To hold otherwise would effectively deny the ability to impeach the credibility of one who has recanted some prior confession by virtue of his testimony on the stand, even where the portion recanted has a direct bearing on the witness' credibility." United States v. Boone, 401 F.2d 659, 663 (3d Cir. 1968).

Appellant also urges upon us that the failure of the court to instruct the jury that Heyward's out-of-court statement could be used for purposes of impeachment only, and not as substantive evidence of appellant's guilt, requires reversal.

Appellant made no request for such instructions at the trial; his failure to make such a request bars him from raising the issue for the first time on appeal. United States v. Indiviglio, 352 F.2d 276 (2d Cir. 1965) (en banc), cert. denied, 383 U.S. 907, 86 S.Ct. 887, 15 L.Ed.2d 663 (1966). Kaufman v. United States, 394 U.S. 217, 89 S.Ct. 1068, 22 L.Ed.2d 227 (1969) does not compel a contrary result. The Court made it quite clear that the principle of the *Kaufman* case applies only to constitutional claims. The failure of the district court to give limiting instructions was not a constitutional defect.

Affirmed.

2. Appellant also urges that Heyward's statement is inadmissible because he had not been given adequate *Miranda* warnings prior to being questioned by the Assistant United States Attorney. Appel-

lant does not have standing to raise that claim. See United States v. Minor, 398 F.2d 511 (2d Cir. 1968). Moreover, the warnings given were sufficient.