Robert Gene HOLLBROOK, Defendant-Appellant,

v.

UNITED STATES of America, Plaintiff-Appellee.

No. 20593.

United States Court of Appeals, Sixth Circuit.

April 13, 1971.

Robert Gene Hollbrook in pro. per.

Robert B. Krupansky, U. S. Atty., Edward S. Molnar, Asst. U. S. Atty., Cleveland, Ohio, on brief for plaintiff-appellee.

Before WEICK, McCREE and MILLER, Circuit Judges.

WILLIAM E. MILLER, Circuit Judge.

This case involves a collateral proceeding under 28 U.S.C. § 2255, challenging a conviction for conspiracy to transport a female in interstate commerce for the purpose of prostitution, in violation of 18 U.S.C. § 2421.

In March, 1966, appellant and four others were indicted for conspiring to transport Kathleen Plake from Ohio to West Virginia so that she could engage in prostitution. The indictment charged that the conspiracy occurred "on or about" April 21–24, 1964. Appellant and two other indictees were tried together. The primary witness against the three defendants was Kathleen Plake, the woman alleged to have been transported in interstate commerce for illicit purposes. She testified as to her own conversations with both the defendants and another indictee, Nellie Garrison, madam of the house of prostitution.

On December 8, 1966, appellant was found guilty and subsequently sentenced to five years imprisonment. On direct appeal this Court affirmed in an unreported order and the Supreme Court denied certiorari. Holbrook v. United States, 390 U.S. 1040, 88 S.Ct. 1637, 20 L.Ed.2d 301 (1968). In April, 1970, appellant, raising twelve issues, filed a motion to vacate judgment and sentence pursuant to 28 U.S.C. § 2255. The District Court denied the motion. Appellant raises virtually the same issues on appeal to this Court. After considering each of appellant's numerous contentions and the entire record, we deem only the following issues worthy of discussion.

The appellant objects to jury instructions that dealt with events occurring before and after the date of the alleged conspiracy and that permitted the jury to use certain evidence for one purpose and not another. These instructions cannot be challenged on motions pursuant to 28 U.S.C. § 2255. United States v. Ballentine, 410 F.2d 375 (2d Cir. 1969), cert. denied, 397 U.S. 928, 90 S. Ct. 935, 25 L.Ed.2d 107 (1970); Margoles v. United States, 407 F.2d 727 (7th

Cir. 1969), cert. denied, 396 U.S. 833, 90 S.Ct. 89, 24 L.Ed.2d 84 (1969); Feeney v. United States, 392 F.2d 541 (1st Cir. 1968).

Appellant also alleges that the jury was improperly permitted to hear evidence which was inadmissible hearsay and dealt with matters occurring after the alleged conspiracy. This contention cannot be sustained in a collateral proceeding. Kaufman v. United States, 394 U.S. 217, 89 S.Ct. 1068, 22 L.Ed.2d 227 (1969), does not dictate a contrary conclusion. That case held only that § 2255 proceedings extend to issues of constitutional proportions. See United States v. Ballentine, 410 F.2d 375 (2d Cir. 1969), cert. denied, 397 U.S. 928, 90 S.Ct. 935, 25 L.Ed.2d 107 (1970).

■ Appellant further contends that his Sixth Amendment right of confrontation was denied in that the government did not call as a witness Nellie Garrison, a co-indictee not tried with the appellant, whose discussions and actions were reported by a witness under an exception to the hearsay rule. Relying on Bruton v. United States, 391 U.S. 123, 88 S.Ct. 1620, 20 L.Ed.2d 476 (1968), appellant argues that his inability to cross-examine Garrison requires a reversal since the testimony about Garrison's conversations and involvement in the conspiracy were damaging to appellant's claim of innocence. Appellant does not aver that he made any attempt to secure the attendance of this witness or that he would have been unsuccessful had such an effort been made. Under these circumstances, *Bruton* is not applicable and we find no Sixth Amendment violation.

■ Finally, appellant argues that certain remarks in the prosecutor's closing argument violate the appellant's right under the Fifth Amendment by calling the jury's attention to his decision to remain silent. The allegedly unconstitutional remarks were: "I think you are entitled to hear from the defendants * * *." * Standing alone, these words could constitute an improper reference to the assertion of Fifth Amendment rights. See Griffin v. California, 380 U.S. 609, 85 S.Ct. 1229, 14 L.Ed.2d 106 (1965). In the context in which this remark was made, however, no such impropriety is present. The prosecutor told the jury:

> Now Mr. Darvanan, counsel for the defendants, will have occasion to speak to you and to argue to you on the evidence in the way most favorable to his clients, but I want you to listen for a few things when he is talking to you. I think there is a very definite explanation needed by him in order for you to make the proper determination. *I think you are entitled to hear from the defendants* as to why Attorney Weitzman would come in and would testify that this document was drawn up between the hours of nine and five, whereas Mrs. Harris and Mrs. Holbrook testified that it was drawn up in their presence with the secretary there, without the lawyer being present. Why is there this inconsistency? (Emphasis added.)

Clearly in this context the statement that "I think you are entitled to hear from the defendants" refers to the defendants' attorney rather than to the defendants themselves. It merely relates to the failure on the part of the defense to explain certain inconsistencies in the testimony of certain defense witnesses. The statement, as we read the record, does not refer to the defendant's failure to testify. Accordingly, we find no violation of the Fifth Amendment.

Affirmed.

---

* There is some confusion in the record as to whether the transcript was improperly altered so that the words: "I think you are entitled to hear from the defendants" were changed to "I think you are entitled to hear from the defense." In considering the § 2255 motion, the District Judge evidently treated the transcript as if the former version were accurate. This accords with appellant's recollection. Without deciding the validity of any alteration of the record, we adopt that position for purposes of this appeal.