774 F.2d 1162
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Jimmy Doyle Hindman, Petitioner-Appellant,
v.
United States of America, Respondent-Appellee.
 No. 84-5827
 United States Court of Appeals, Sixth Circuit.
 9/18/85
 
 E.D.Tenn.
 AFFIRMED
 ORDER
 BEFORE: KEITH and KRUPANSKY, Circuit Judges; and PECK, Senior Circuit Judge.
 
 
 1
 Petitioner is appealing from a district court order denying his motion to vacate sentence filed pursuant to 28 U.S.C. Sec. 2255. The appeal has been referred to a panel of the Court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination of the briefs and record, this panel agrees unanimously that oral argument is not necessary. Rule 34(a), Federal Rules of Appellate Procedure.
 
 
 2
 Petitioner is appealing from an order denying his motion to vacate sentence filed pursuant to 28 U.S.C. Sec. 2255. The record shows that in July of 1981, petitioner was convicted on two counts of possession of a firearm by a felon. 18 U.S.C. Appendix Sec. 1202(a)(1). He was sentenced to two years' imprisonment on each count, said sentences to run consecutively. Petitioner appealed his conviction to this Court, presenting the issues of whether the district court properly refused to suppress certain evidence and whether petitioner was afforded effective assistance of counsel. In an order filed October 22, 1982, this Court affirmed petitioner's conviction.
 
 
 3
 On July 30, 1984, petitioner filed the instant motion to vacate sentence, presenting the following issues:
 
 
 4
 1. That as a result of evidence discovered after his initial appeal had been concluded, petitioner has learned that certain information supplied by Special Agent David Castleberry, Federal Bureau of Investigation, for inclusion in an affidavit to obtain a search warrant, was intentionally inaccurate and false;
 
 
 5
 2. That Agent Castleberry and an informant named Bobby Lee Harden conspired to burn a garage owned by petitioner in an effort to put a financial strain on petitioner and cause him to rob a bank (there is no allegation that any such event actually occurred);
 
 
 6
 3. That false information contained in the affidavit for a search warrant was used by Bobby Lee Harden in an attempt to extort money from petitioner;
 
 
 7
 4. That the affidavit for a search warrant contained a false statement from one Barbara Streum;
 
 
 8
 5. That the trial judge's cautionary instructions concerning the testimony of one Thomas A. Tucker were not sufficient to counterbalance the prejudice caused by the testimony;
 
 
 9
 6. That Agent Castleberry offered a reward for petitioner's apprehension.
 
 
 10
 In an order filed August 28, 1984, the district court denied petitioner's motion to vacate sentence on the primary basis that the issues presented in the motion could have been raised and disposed of on direct appeal. By way of dictum, the court stated that 'a review of the trial record conclusively shows that the petitioner was afforded a fair trial.' Petitioner filed a timely notice of appeal from the district court's decision.
 
 
 11
 The district court's conclusion that Section 2255 may not serve as a substitute for appeal is well-established in the law. See United States v. Frady, 456 U.S. 152, 165 (1982); United States v. Duhart, 511 F.2d 7, 8 (6th Cir.), cert. dismissed, 421 U.S. 1006 (1975), citing DiPiazza v. United States, 471 F.2d 719, 720 (9th Cir. 1973). However, even in these cases, the courts have reviewed the record to prevent a possible miscarriage of justice.
 
 
 12
 A review of the record indicates that the district court's appraisal of the merits of the case was correct. Petitioner's first, third, fourth and sixth claims go to the validity of the search warrant and the reliability of the affidavit supporting the warrant. Such claims are generally not cognizable in Sec. 2255 proceedings. United States v. Zavada, 291 F.2d 189 (6th Cir. 1961). It is for the magistrate or district judge to decide whether the information supporting the affidavit is reliable; the facts that the informant was paid or that his reputation for veracity is questionable do not, standing alone, invalidate the warrant so long as on the whole the tests of Aquilar v. Texas, 378 U.S. 108 (1964) and Spinelli v. United States, 393 U.S. 410 (1969), are met. United States v. Hill, 500 F.2d 315 (5th Cir. 1974), cert. denied, 420 U.S. 931 (1975). Petitioner's fifth issue, concerning a jury instruction, is likewise not cognizable under Section 2255. DiPiazza v. United States, supra, at 720; Holbrook v. United States, 441 F.2d 371 (6th Cir. 1971). Finally, petitioner's second claim, concerning an alleged conspiracy between the FBI and informant Bobby Lee Harden is conclusory and patently frivolous.
 
 
 13
 It appears from the above that the questions on which decision of this cause depends are so unsubstantial as not to need further argument. Rule 9(d)(3), Rules of the Sixth Circuit.
 
 
 14
 Therefore, it is ORDERED that the final order of the district court be and it hereby is affirmed.