993 F.2d 1546
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Larry HARRIS, Petitioner-Appellant,
v.
UNITED STATES of America, Respondent-Appellee.
 No. 92-4097.
 United States Court of Appeals, Sixth Circuit.
 May 18, 1993.
 
 1
 Before: KENNEDY and SILER, Circuit Judges, and BERTELSMAN, Chief District Judge.*
 
 ORDER
 
 2
 This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 3
 This is an appeal from an order denying a motion to vacate sentence filed pursuant to 28 U.S.C. § 2255. In 1988, Larry Harris was convicted after a jury trial of conspiring to possess cocaine with the intent to distribute, in violation of 21 U.S.C. § 846, and of attempting to possess cocaine with the intent to distribute, also in violation of 21 U.S.C. § 846. The district court sentenced Harris to a total of seventeen years and six months. A panel of this court affirmed Harris's conviction on direct appeal. United States v. Harris, Nos. 88-4172/4173 (6th Cir. Nov. 22, 1989) (unpublished), cert. denied, 494 U.S. 1008 (1990). Harris subsequently filed a motion to vacate sentence under § 2255. The district court ultimately denied the relief sought and this appeal followed. The parties have briefed the issues; Harris is proceeding without counsel.
 
 
 4
 Harris advances two grounds for relief in his appeal.[1] Harris's first claim is that the trial court's jury instructions were deficient. Harris contends that the indictment and evidence at trial referred to his role in the drug conspiracy as paying for cocaine with money or stolen automobiles. The trial court did not, however, instruct the jury as to the legal consequence of the testimony regarding stolen automobiles. Harris thus reasons that the jury was not permitted to infer that the evidence concerning stolen automobiles was probative of Harris's having withdrawn from the conspiracy.
 
 
 5
 This claim lacks merit. The district court noted that the claim of erroneous jury instructions, apart from being obtuse, is not ordinarily cognizable on collateral review. The district court is correct. DiPiazza v. United States, 471 F.2d 719, 720 (6th Cir.1973) (per curiam) (citing Hollbrook v. United States, 441 F.2d 371, 372 (6th Cir.1971)). Harris's conclusory notation that his claims were not presented on direct appeal due to attorney ineffectiveness is wholly unsupported.
 
 
 6
 Harris's second contention is that, although his sentence was enhanced under the provisions of 21 U.S.C. § 851 (proceedings to establish prior convictions), the district court did not comply with the procedures mandated in § 851(b). This claim is patently meritless. The record supports the district court's notation that Harris's sentence was affected by his prior convictions but not under 21 U.S.C. § 851. The prior convictions were, instead, factored into Harris's guideline sentence in the criminal history calculation without objection at trial or on appeal. This ground for relief, as well as the entire motion to vacate, lacks merit.
 
 
 7
 Accordingly, the district court's judgment is affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable William O. Bertelsman, Chief District Judge for the Eastern District of Kentucky, sitting by designation
 
 
 [1]
 A third ground, of selective prosecution, by charging him in a federal vice state court, was not raised in his brief and is considered abandoned. See Boyd v. Ford Motor Co., 948 F.2d 283, 284 (6th Cir.1991), cert. denied, 112 S.Ct. 1481 (1992)