REQUESTED BY: Gordon J. Smith, Executive Director
No. A representative of a motor vehicle dealer, resident or nonresident, and attending a mandatory pre-bid meeting is not within the parameters of selling as defined in Neb. Rev. Stat. § 60-1401.02(25) (1993 Supp.).
Neb. Rev. Stat. § 60-1401.02(25) provides that: Sale, selling, and equivalent expressions shall mean the attempted act or acts either of principal, agent, sales person, or in any capacity whatsoever of selling, bartering, exchanging, or otherwise disposing of or negotiating or offering or attempting to negotiate the sale, purchase, or exchange of or interest in any motor vehicle, trailer, or motorcycle, including the leasing thereof with a right or option to purchase under the terms of the lease; (emphasis added).
The question you present appears to address the "attempting to negotiate the sale" language in §60-1401.02(25). In order to answer this question, contract law is most decisive in finding a resolution. "An invitation to enter into negotiations is not an offer which may be accepted and thereby create a contract. . . In the law of contracts, the intent of the parties must be looked to and a contract is not made so long as both parties anticipate that something remains to be done to establish contractual relations." NEFF v. World Publishing Company, 249 F.2d 235
(1965). The nature of a "pre-bid" meeting asserts that no offers or attempt to negotiate will take place in such a meeting. The intent of a mandatory pre-bid meeting is to ensure that all vendors receive the same information for fairness in bidding.
Therefore, a mandatory "pre-bid" meeting does not fall within the parameters of Neb. Rev. Stat. §60-1402(25) (1993 Supp.).
Sincerely yours, DON STENBERG Attorney General Paul N. Potadle Assistant Attorney General Approved By: ____________________________ Attorney General 46-1283