**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**MAR 2 1999**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

LARRY HARRIS,

      Petitioner-Appellant,

v.

J. W. BOOKER,

      Respondent-Appellee.

No. 98-3296

(D.C. No. 98-CV-3312-RDR)

(D. Kan.)

**ORDER AND JUDGMENT**[*]

Before **SEYMOUR**, Chief Judge, **BALDOCK**, and **HENRY**, Circuit Judges.[**]

Petitioner Larry Harris, an inmate at the federal penitentiary in Leavenworth, Kansas, appeals from the district court's dismissal of his petition for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2241. In 1988, a jury convicted Harris in the Southern District of Ohio for conspiracy to possess with intent to distribute in excess of five hundred grams of cocaine and for attempting to possess with intent to distribute in

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

[**] After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R. App. P. 34(a)(2)(C); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

excess of five hundred grams of cocaine, in violation of 21 U.S.C. § 841.  The Sixth Circuit affirmed Harris' convictions on direct appeal, <u>United States v. Harris</u>, Nos. 88-4172 & 4173, 1989 WL 140497 (6th Cir. 1989) (unpublished), and subsequently affirmed the district court's denial of Harris' motion for collateral relief under 28 U.S.C. § 2255, <u>Harris v. United States</u>, No. 92-4097, 1993 WL 169057 (6th Cir. 1993) (unpublished).  The Sixth Circuit, acting pursuant to 28 U.S.C. § 2244, later forbade Harris from filing a second or successive petition for collateral relief under § 2255.

In his petition before the District of Kansas, Harris claimed that the remedy under § 2255 was inadequate and thus he was entitled to proceed under § 2241 with his claim that the sentencing court improperly applied the sentencing guidelines.  The district court rejected Harris' argument and dismissed his petition.  We have carefully reviewed the record on appeal and Petitioner's brief.  We conclude that the district court properly dismissed the petition and affirm substantially for the reasons set forth in the district court's order of dismissal.

AFFIRMED.

Entered for the Court,


Bobby R. Baldock
Circuit Judge